#27024-a-GAS

**2014 S.D. 88**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellee,

    v.

DOUGLAS J. MYERS,                    Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
MEADE COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE JEROME A. ECKRICH, III
Judge

\* \* \* \*

MARTY J. JACKLEY
Attorney General

ANN C. MEYER
Assistant Attorney General
Pierre, South Dakota                    Attorneys for plaintiff
        and appellee.


ROBERT A. HAIVALA
Sturgis, South Dakota                    Attorney for defendant
        and appellant.


\* \* \* \*

CONSIDERED ON BRIEFS
ON NOVEMBER 17, 2014

OPINION FILED **12/17/14**

SEVERSON, Justice

[¶1.]        A South Dakota Highway Patrol trooper stopped Douglas James Myers after radar registered his car traveling at 112 miles per hour.  He was traveling with three small children in the vehicle and was under the influence of alcohol.  No actual physical injuries to the children occurred as a result of the incident.  After a trial to the court on stipulated facts, the Fourth Judicial Circuit Court found him guilty of abuse of a minor in violation of SDCL 26-10-1 because he had "exposed" the children as stated by that statute.  The circuit court held that the statute was not unconstitutionally vague for failing to define what "expose" means.  Myers now appeals the issue of whether the statute is unconstitutionally vague and therefore void.  We affirm.

**Background**

[¶2.]        On June 8, 2013, the South Dakota Highway Patrol received a report of a small red car travelling eastbound on Interstate 90, weaving all over the road and going into the ditch or median with all four tires.  A trooper used radar and registered the car traveling 112 miles per hour.  The trooper attempted to catch the vehicle for approximately four miles, and was finally able to do so when the vehicle slowed because of traffic.  The trooper activated his lights, and the driver of the car pulled over and identified himself as Douglas James Myers.  There were two small children in the back seat and one in the front seat.  Upon approaching the vehicle, the trooper smelled the strong odor of alcohol, noticed Myers's eyes were bloodshot, and saw Myers stagger as he walked.  A urinalysis showed positive for marijuana,

and a blood sample revealed that his blood contained .131% alcohol by weight. Myers subsequently stipulated to these facts for his court trial.

[¶3.] On July 12, 2013, a Meade County Grand Jury indicted Myers with (1) three counts of abuse of or cruelty to a minor, in violation of SDCL 26-10-1; (2) driving under the influence of alcohol, marijuana, or controlled substance in violation of SDCL 32-23-1(2) or in the alternative driving while having .08 percent or more alcohol in blood; (3) possession of marijuana, less than two ounces, in violation of SDCL 22-42-6; (4) reckless driving, in violation of SDCL 32-24-1; and (5) driving while license revoked, in violation of SDCL 32-12-65(1). Myers entered a not guilty plea to the crimes.

[¶4.] On November 6, 2013, Myers moved to dismiss the three counts related to his alleged violation of SDCL 26-10-1, abuse of a minor, on the ground that the statute is unconstitutionally vague and, therefore, void. The judge denied the request after a pretrial hearing on November 14, 2013. The court conducted a change of plea hearing on November 20, 2013, at which time, as part of a plea agreement, Myers pleaded guilty to driving while having .08 percent or more alcohol in his blood, in violation of SDCL 32-23-1(1), constituting a third offense DUI. Pursuant to the plea agreement, the parties agreed to try one count of the abuse of a minor upon stipulated facts to the circuit court, and all other charges were dismissed. The State agreed in the stipulated facts "that no abuse, torture, torments or cruel punishments was committed by [Myers]." Myers waived his right to a jury trial on the child abuse charge.

[¶5.] The court conducted a hearing on January 13, 2014, at which time it allowed Myers to reopen the issue as to whether SDCL 26-10-1 is unconstitutionally vague. The court rejected Myers's argument and on February 19, 2014, held a sentencing hearing, sentencing Myers to five years in prison for the abuse conviction, to run concurrent with a sentence of two years for the third offense DUI conviction. Myers appeals raising the issue of whether SDCL 26-10-1 is unconstitutional because it is vague.

### Analysis

[¶6.] "Challenges to the constitutionality of a statute are reviewed de novo." *State v. Asmussen*, 2003 S.D. 102, ¶ 2, 668 N.W.2d 725, 729. A strong presumption exists that statutes are constitutional. *Id.* However, a criminal statute may be vague and therefore void if it fails to "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S. Ct. 1855, 1858, 75 L. Ed. 2d 903 (1983). Therefore, we consider whether the statute affords notice to citizens as to what conduct is prohibited and whether it "'establish[es] minimal guidelines to govern law enforcement'" so as not to allow "'policemen, prosecutors, and juries to pursue their personal predilections.'" *Id.* at 358, 103 S. Ct. at 1858 (quoting *Smith v. Goguen*, 415 U.S. 566, 574-75, 94 S. Ct. 1242, 1247-1248, 39 L. Ed. 2d 605 (1974)).

[¶7.] Myers asserts that SDCL 26-10-1 is vague and therefore unconstitutional. SDCL 26-10-1 provides in relevant part that:

> Any person who abuses, exposes, tortures, torments, or cruelly punishes a minor in a manner which does not constitute

> aggravated assault,* is guilty of a Class 4 felony. If the victim is less than seven years of age, the person is guilty of a Class 3 felony.

Since the parties stipulated that Myers did not commit any acts of abuse, torture, torments, or cruel punishment as listed within SDCL 26-10-1, the only word that we must construe is "expose." *Id*. Myers asserts that because the word "expose" is not defined in the statute, ordinary citizens cannot know what conduct constitutes "expose," but not aggravated assault, in violation of the statute. Myers argues the statute would need to elaborate what a child must be exposed to for the statute to be constitutional. This Court has previously upheld the constitutionality of this statute, but has not specifically addressed the meaning of "expose." *See State v. Hoffman*, 430 N.W.2d 910, 911-12 (S.D. 1988); *State v. Eagle Hawk*, 411 N.W.2d 120, 124 (S.D. 1987). We decided that this statute "is not easily susceptible of

---

\* Aggravated assault is defined in SDCL 22-18-1.1.
Any person who:
(1) Attempts to cause serious bodily injury to another, or causes such injury, under circumstances manifesting extreme indifference to the value of human life;
(2) Attempts to cause, or knowingly causes, bodily injury to another with a dangerous weapon;
(3) Deleted by SL 2005, ch 120, § 2;
(4) Assaults another with intent to commit bodily injury which results in serious bodily injury;
(5) Attempts by physical menace with a deadly weapon to put another in fear of imminent serious bodily harm; or
(6) Deleted by SL 2005, ch 120, § 2;
(7) Deleted by SL 2012, ch 123, § 4;
(8) Attempts to induce a fear of death or imminent serious bodily harm by impeding the normal breathing or circulation of the blood of another person by applying pressure on the throat or neck, or by blocking the nose and mouth;
is guilty of aggravated assault. Aggravated assault is a Class 3 felony.

misinterpretation. Its attempt to catalog the types of conduct which would constitute abuse of or cruelty to a minor may be lacking in imagination or elaboration, but the statute is not unreasonably vague." *Hoffman*, 430 N.W.2d at 912.

[¶8.]        Myers asserts that because the statute does not say what expose means, the public cannot know what one must do in order to violate it. However, "a criminal law need not define every word used to prohibit a certain conduct." *State v. Dale*, 439 N.W.2d 98, 107 (S.D. 1989). "The words the legislature used are presumed to convey their ordinary, popular meaning, unless the context or the legislature's apparent intention justifies departure from the ordinary meaning." *State v. Big Head*, 363 N.W.2d 556, 559 (S.D. 1985). "Expose" is, *inter alia*, defined in *The American Heritage College Dictionary* 483 (3d ed. 1993), as "[t]o subject to needless risk." The statute need not enumerate a list of every potential thing that a child could be exposed to in order to constitute felony child abuse. The definition of expose includes those things or scenarios; it is those that "subject [a child] to needless risk." *Id.* "Risk" is, *inter alia*, "the possibility of suffering harm or loss; danger." *Id.* at 1177. Therefore, we conclude that the statute provides sufficient notice to the ordinary citizen as to what conduct would constitute an offense under SDCL 26-10-1, because the very definition of expose explains what a child must be "exposed to" as Myers asserts the statute would need to do in order to be constitutional.

[¶9.]        Myers cites to our decision in *State v. Biays* as support for his argument. *See* 402 N.W.2d 697 (S.D. 1987). In *Biays*, the defendant was charged

-5-

with both aggravated assault and abuse charges and argued on appeal that it was a violation of double jeopardy to charge both when those charges stemmed from the same facts. *Id*. at 699. While Myers is correct in asserting that we emphasized the injuries were separate and distinct, therefore suggesting that not all of them were part of the same incident, *Biays* does not support Myers's argument. *See id*. at 700. Myers argues that, unlike in *Biays*, there are no injuries here, so exposing a child in a manner that does not constitute aggravated assault has no real meaning and is at odds with our *Biays* decision. We disagree. The question in *Biays* was whether the constitutional right to be free from double jeopardy was violated, not whether the statute was vague. *Id*. at 698. The lack of a physical injury or separate injuries is not the question here and is irrelevant to whether he exposed the children.

[¶10.]     Myers next asserts that he cannot be convicted under the statute because prosecutors and police have unfettered discretion to decide when to charge someone under the statute. Myers offers a hypothetical scenario of a parent taking a child to a violent movie as being a potential violation of the statute. Myers cites *City of Chicago v. Morales* in support of his proposition that the police will be allowed to punish innocent citizens under the vagueness of the word expose. 527 U.S. 41, 119 S. Ct. 1849, 144 L. Ed. 2d 267 (1999). In *City of Chicago* the ordinance at issue criminalized loitering, which was defined in the statute as "remain[ing] in any one place with no apparent purpose." *Id*. at 47, 119 S. Ct. at 1854. The Court found the ordinance vague not because of "uncertainty about the normal meaning of 'loitering,' but rather about what loitering is covered by the ordinance and what is not." *Id*. at 57, 119 S. Ct. at 1859. Therefore, the Court concluded that the

ordinance "fails to give the ordinary citizen adequate notice of what is forbidden and what is permitted." *Id.* at 60, 119 S. Ct. at 1861. "The Constitution does not permit a legislature to 'set a net large enough to catch all possible offenders, and leave it to the courts to step inside and say who could be rightfully detained, and who should be set at large.'" *Id.* (citing *United States v. Reese*, 92 U.S. 214, 221, 23 L. Ed. 563 (1876)). In this case there is no uncertainty about the normal meaning of expose. There is also no confusion about what exposure would result in a violation of the statute. As a result, we are not persuaded that this provides police and prosecutors unfettered discretion to charge a citizen for things such as taking a child to a violent movie. Such an act does not subject the child to needless risk.

[¶11.]        Furthermore, as we recently explained in *State v. Outka*, a "'vagueness challenge[ ] that do[es] not involve the First Amendment must be examined in light of the specific facts of the case at hand and not with regard to the statute's facial validity.'" 2014 S.D. 11, ¶ 28, 844 N.W.2d 598, 607 (citing *State v. Andrews*, 2007 S.D. 29, ¶ 6, 730 N.W.2d 416, 419). On the stipulated facts of this case, we find it unpersuasive that applying the statute to Myers's actions--driving at a speed in excess of 100 miles per hour while intoxicated, which put the children's lives in jeopardy, even where no actual physical harm results-- is an unconstitutional application of the statute. The situation that Myers put these children in is clearly one in which the children were subjected to needless risk.

## Conclusion

[¶12.]    Even though SDCL 26-10-1 does not include a definition of the word "expose," it is unnecessary that criminal statutes define every word used therein. The statute is not unconstitutionally vague, because it affords the public adequate notice as to the conduct proscribed and does not allow law enforcement unfettered discretion to enforce it.  Therefore, Myers was properly convicted under the terms of this statute. We affirm.

[¶13.]    GILBERTSON, Chief Justice, and, KONENKAMP, ZINTER, and, WILBUR, Justices, concur.