GILBERTSON, Chief Justice [¶1.] Cimeron Grant Erickson, who holds a commercial driver’s license, pleaded guilty to operating a vehicle while his blood alcohol content was 0.08 percent or more. The South Dakota Department of Public Safety subsequently disqualified him from operating commercial motor vehicles for one year. Erickson appealed the Department’s decision to the circuit court, which reversed the Department’s decision without remanding. The Department appeals. We reverse the circuit court’s decision. Facts and Procedural History [¶2.] On July 30, 2011, Erickson was arrested for driving his motorcycle while under the influence of alcohol. On November 3, 2011, Erickson pleaded guilty to driving a vehicle while .his blood alcohol content was 0.08 percent or more, in violation of SDCL 32-23-1(1). At Erickson’s sentencing hearing on. December 19, Magistrate Judge Alan D. Dietrich suspended the imposition of sentence and placed Erickson on probation for a period of three years. Erickson successfully completed probation, and on January 2, 2015, Magistrate Dietrich discharged Erickson and signed an order sealing his criminal record;- [¶3.] Prior to Erickson’s 2011 arrest, he worked as a truck driver in South Dakota, Iowa, Minnesota, Nebraska, North Dakota, and Wyoming. He obtained his commercial driver’s license in South Dakota in 2003. On January 13, 2015, the Department notified Erickson that because of his plea, it was disqualifying him from operating a commercial motor vehicle for one year pursuant to SDCL 32-12A-36. On January 22, Erickson requested a hearing. Administrative Law Judge (ALJ) Ryan Darling held a telephonic hearing with the parties on March 17. During the hearing, the parties referred to the offense for which Erickson pleaded guilty as a “DWI.” On. June 16, ALJ Darling issued proposed findings of fact, conclusions of law, and an order recommending Erickson be disqualified from holding a commercial driver’s license for one year. The following day, the Department’s program director, Jane Schrank, issued a final decision adopting ALJ Darling’s recommendation. [¶4.] Erickson appealed the Department’s decision to circuit court. The court determined that the record, before ALJ Darling included neither the complete criminal file nor a transcript of Erickson’s plea hearing before Magistrate Dietrich, According to the court, the docket sheet on file stated that Erickson pleaded guilty to “driving under the influence of alcohol.” However, after reviewing an audio recording of the plea hearing, the court concluded Erickson pleaded guilty to driving with a blood alcohol content of 0.08 percent or more ' under SDCL 32-23-1(1)—not to driving while under the influence of alcohol under SDCL 32-23-1(2). The circuit 'court concluded that SDCL 32-23-1(1) and -1(2) set forth distinct crimes and that SDCL 32-12A-36(l) contemplates only convictions under SDCL 32-23-1(1). Thus, because Erickson pleaded guilty to driving a vehicle with a blood alcohol content of 0.08 percent or more, the court concluded SDCL 32-12A~36(l)’s disqualification did not apply to Erickson and reversed. [¶5.] The Department appeals, raising the following issue: Whether pleading guilty to driving with a blood alcohol content of 0.08 percent, or more in violation of SDCL 32-23-1(1) is a conviction for driving while under the influence of alcohol within the meaning of SDCL 32-12A-36a).[1] Standard of Review [¶6.] The central issue in this case is a question of statutory construction, which we review de novo. State v. Underwood, 2017 S.D. 3, ¶ 5, 890 N.W.2d 240, 241. We give no deference to the circuit court’s legal conclusions. Id. Analysis and Decision [¶7.] The Department argues the circuit' court erred by considering -the question whether pleading guilty to driving a motor vehicle with a blood alcohol content of 0.08 percent or more is a conviction for driving under the influence of alcohol within the meaning of SDCL 32-12A-36(1), which states, in part: Any person is disqualified from driving a commercial motor vehicle for a period of not less than one year: (1) If convicted of a,first violation of driving or being in actual physical control of a commercial or noncommercial motor vehicle while, under the influence of alcohol, or any controlled drug or substance, in violation of § 32-23-1 .... Erickson acknowledges in his briefs to this Court, as the circuit court acknowledged in its decision, that he did not raise this issue in the administrative proceedings. Normally, a circuit court’s appellate review is confined to the administrative record. SDCL 1-26-35. However, because the circuit court concluded SDCL 32-23-1(1) and -1(2) state separate offenses, the court concluded the absence of Erickson’s plea was a procedural irregularity under SDCL 1-26-35[2] as well as an error of law under SDCL 1-26-36.[3] Thus, on its own motion, the court considered this question. [¶8.] The circuit court’s reliance' on SDCL 1-26-35 and -36 is misplaced. Under SDCL 1-26-35, the circuit court’s review “shall be confined to the record.” As an exception to that rule, a court may augmént the administrative record if presented with an irregularity “in procedure before the agency, not shown in the record[.]” SDCL 1-26-35. In contrast, SDCL 1-26-36 merely states the standards of review applicable to administrative appeals. Under .that statute, the reviewing court may affirm, reverse, or modify the decision of the administrative tribunal. SDCL 1-26-36 does not' mention—let alone authorize—augmenting the administrative record on appeal. Therefore, the court’s decision to augment the administrative record could only be justified, if at all, under SDCL 1-26-35. [¶9.] SDCL 1-26-35 did not authorize the circuit court to augment the administrative record in this case. SDCL chapter 1-26 does not define the phrase irregularities in procedure, but. this phrase parallels language found in the rules of civil procedure that set out grounds for granting a new trial. Compare. SDCL 1-26-35 (“[I]n cases of alleged irregularities in procedure before the agency, not shown in the record, proof thereon may be taken in the court.”), with SDCL 15-6-59(a)(l) (“A new trial may be granted ... for ... [irregularity in the proceedings of the court ..,.”). This phrase “relates generally to departures by the [tribunal], during the trial of a case, from the due and orderly method of disposition of a- case.” Webb v. Webb, 2012 S.D. 41, ¶ 13, 814 N.W.2d 818, 822 (emphasis added) (quoting Fechner v. Case, 2003 S.D. 37, ¶ 12, 660 N.W.2d 631, 635). The alleged.error at issue here (i.e., the scope of SDCL 32-12A-36(l)) is simply a question of law; it does not relate to the method of disposition of the case. Therefore, the alleged error, is not procedural, and SDCL 1-26-35 is inapplicable. [¶10.] Even if the 'alleged error could be considered procedural,, the circuit court’s- conclusion that SDCL 32-12A-36(1) does not apply to a conviction under SDCL 32-23-1(1) is incorrect. As indicated above, SDCL 32-12A-36(l) generally refers to violations of SDCL 32-23-1.- Notably, SDCL 32-12A-36(l) does not specifically refer to SDCL 32-23-1(2) or any other subdivision of SDCL 32-23-1. Moreover, the text of SDCL 32-12A-36(l) is an amalgamation of the subdivisions of SDCL 32-23-1. As noted above, under SDCL 32-12A-36(1), disqualification results from a conviction for driving a “motor vehicle while under the influence of alcohol, or any controlled drug or substance, in violation of § 32-23-l[.]” Yet, multiple subdivisions of SDCL 32-23-1 address controlled drugs and substances.[4] Thus, SDCL 32-12A-36(1) cannot be read as referring to a specific subdivision of SDCL 32-23-1. Instead, SDCL 32-12A-36(l)’s reference to SDCL 32-23-1 is just that—a reference to the entire statute.[5] Conclusion [1Í11.] The alleged error in the administrative proceedings was not procedural. Even if it was, SDCL 32-12A-36(l) eon-templates all violations of SDCL 32-23-1. Therefore, pleading guilty to driving a motor vehicle with a blood alcohol content of 0.08 percent or more is a conviction for driving under the influence of alcohol within the meaning of SDCL 32-12A-36(l), and the Department properly disqualified Erickson from holding a commercial driver’s license for one year. The circuit court’s contrary conclusion was erroneous. [¶12.] We reverse. [¶13.] ZINTER and SEVERSON, Justices, concur. [¶14.] WILBUR, Retired Justice, and KERN, Justice, concur in result. [¶15.] JENSEN, Justice, not having been a member of the Court at the time this action was submitted to the Court, did not participate. . In its initial brief, the Department also argued that the circuit court erred by considering issues not raised in the administrative proceedings, that the circuit court erred in ruling the Department had a responsibility to obtain Erickson’s complete criminal file, and that the circuit court erred by taking judicial notice of facts contained in Erickson’s sealed criminal file,. In its ;reply brief, the Department omitted the judicial-notice question in its statement of the issues. Regardless, our decision on the scope of SDCL 32-12A-36(l) resolves or moots the remaining issues in this appeal. . SDCL 1-26-35 states, in part: "[I]n cases of alleged irregularities in procedure before the agency, not shown in the record, proof thereon may be taken in the court.” , . SDCL 1-26-36 states, in part: "The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or' decisions are ... [a]ffected by other error of law .... ” . SDCL 32-23-1(2) addresses marijuana and "any controlled drug or substance not obtained pursuant to a valid prescription[.]” SDCL 32-23-1(3) addresses "any controlled drug or substance obtained pursuant to a valid prescription, or any other substance, to a degree which renders the person incapable of safely driving[.]” And SDCL 32-23-1(5) addresses “any substance ingested, inhaled, or otherwise taken into the body” for the purpose of becoming intoxicated. The remaining subdivision addresses "the combined influence of an alcoholic beverage and or any controlled drug or substance obtained pursuant to a valid prescription, or any other substance, to a degree which renders the person incapable of safely driving[.]” SDCL 32-23-1(4). . The special writing argues that Erickson did not preserve this question for appeal and that our review of the circuit court’s legal conclusions undermines “our statutes governing administrative appeals” (i.e., SDCL 1-26-35 and -36). Infra ¶ 18. Even so, we have the authority to review this question because the application of SDCL 32-12A-36(l) was the legal basis for the circuit court’s ruling against the party that brought this appeal. See SDCL 15-26A-7 ("On appeal from a judgment the Supreme Court may review any order, ruling, or determination of the trial court ....”); Puetz Corp. v. S.D. Dep’t of Revenue, 2015 S.D. 82, ¶ 13, 871 N.W.2d 632, 636 ("When, however, the issue is a question of law, we review the decisions of both the administrative agency and the circuit court de novo." (emphasis added) (quoting Burke v. Butte County, 2002 S.D. 17, ¶ 8, 640 N.W.2d 473, 477)); Butte County v. Vallery, 1999 S.D. 142, ¶ 8, 602 N.W.2d 284, 287 ("When the issue is a question of law, the decisions of the administrative agency and the circuit court are fully reviewable.”); N. States Power Co. v. S.D. Dep’t of Revenue, 1998 S.D. 57, ¶ 4, 578 N.W.2d 579, 580 ("Decisions by administrative agencies and circuit courts on statutory construction are fully reviewable.”). It is also appropriate to review such a question. Our rules foreclosing review of issues not raised below are only prudential rules of appellate practice that are designed to ensure fair play in litigation, to narrow issues, and to generate the best possible advocacy before deciding a new issue of law. But none of those considerations militate against deciding the applicability of SDCL 32-12A-36(l) here. That issue was raised by the circuit court, it was fully and fairly litigated in the court, and it became the basis upon which the court erroneously reversed the Department’s decision. Regardless of whether we review only the court’s procedural ruling, as the special writing proposes, or whether we address the court's ruling on the merits, the legal determination is the same. There is no dispute that Erickson pleaded guilty to SDCL 32-23-1(1) (driving while having 0,08 percent or more of alcohol in one’s blood). And by affirming the Department’s authority to disqualify Erickson from holding a commercial driver’s license, we are holding that SDCL 32-12A-36(l) authorized the Department to disqualify Erickson from holding a commercial driver’s license because he pleaded guilty to SDCL 32-23-1(1). On the other hand, if we only address the court’s procedural ruling, the court’s erroneous decision on the application of SDCL 32-12A-36(l) will be read to stand.