#29344-r-SRJ
**2021 S.D. 17**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

IBRAHIM NASR IBRAHIM,                    Appellee,

v.

STATE OF SOUTH DAKOTA,
DEPARTMENT OF PUBLIC SAFETY,           Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE DOUGLAS E. HOFFMAN
Judge

\* \* \* \*

JASON R. ADAMS of
Tschetter & Adams Law Office, P.C.
Sioux Falls, South Dakota                    Attorneys for appellee.


EDWARD S. HRUSKA III
Special Assistant Attorney General
Department of Public Safety
Pierre, South Dakota                         Attorneys for appellant.

\* \* \* \*

ARGUED
JANUARY 13, 2021
OPINION FILED **03/10/21**

JENSEN, Chief Justice

[¶1.] This case primarily presents a question of statutory interpretation concerning South Dakota's commercial driver's license (CDL) disqualification statute, SDCL 32-12A-36(4). Specifically, whether possession of a felony quantity of marijuana while using a motor vehicle is "using a . . . vehicle in the commission of any felony . . . ." We hold that it is and reverse the circuit court.

## Facts and Procedural History

[¶2.] On June 14, 2019, the Department of Public Safety (Department) mailed Ibrahim Nasr Ibrahim a "Notification of Driving Privileges." The notice stated that Ibrahim's South Dakota commercial driving privileges would be disqualified for one year beginning on June 29, 2019, pursuant to SDCL 32-12A-36(4). The notice also informed Ibrahim that he could request an administrative hearing to challenge the disqualification.

[¶3.] SDCL 32-12A-36(4) provides that:

> [a]ny person is disqualified from driving a commercial motor vehicle for a period of not less than one year . . . [i]f convicted of a first violation of using a commercial or noncommercial motor vehicle in the commission of any felony other than a felony described in § 32-12A-38[—setting forth drug-related felonies that require permanent CDL disqualification] . . . .

[¶4.] Ibrahim challenged the proposed disqualification, and an administrative hearing was held before the Office of Hearing Examiners (OHE) on September 26, 2019. Ibrahim was represented by counsel at the hearing. The OHE record shows that the Department introduced an abstract of Ibrahim's driving history from its records, which documented a 2017 citation and subsequent conviction on March 28, 2018 for a "[f]elony committed in a vehicle by a CDL

holder." The abstract also included the docket number of the corresponding criminal case.[1]

[¶5.] The hearing examiner entered findings that Ibrahim had a CDL, and "[o]n or about August 19, 2017, [he] was pulled over for an equipment violation. It was later discovered that he had marijuana in the vehicle. The amount was large enough that he received a citation for a 'felony committed in a vehicle by a CDL holder' . . . . On March 28, 2018, Ibrahim was convicted of a 'felony committed in a vehicle by a CDL holder[.]'" Based on these findings, the OHE ordered Ibrahim's commercial driving privileges to be disqualified for one year. The Department confirmed the order.[2]

[¶6.] Ibrahim appealed to the circuit court and raised the sole issue of whether there was sufficient evidence to support the Department's decision. Ibrahim did not dispute that he was convicted of a felony, or that his conviction arose from the marijuana found in his vehicle after he was stopped in August 2017.

---

1. A transcript of the administrative hearing is not available because Ibrahim failed to order one at the time he appealed the Department's decision. However, the Department's counsel stated at oral argument that Kerry Schrank, who prepared the Department's record for the administrative hearing, and Ibrahim both testified before the OHE.

2. At oral argument, Ibrahim acknowledged that the period of his CDL disqualification had expired. However, both parties asked this Court to not dismiss the case on mootness. We think it appropriate to review the issues under the public interest exception to the mootness doctrine. This Court "possess[es] discretion to determine a moot question of public importance if we feel that the value of its determination as a precedent is sufficient to overcome the rule against considering moot questions." *Larson v. Krebs*, 2017 S.D. 39, ¶ 16, 898 N.W.2d 10, 16–17. "A question may be of public importance if it affects the legal rights or liabilities of the public at large." *Id.*

He also conceded that SDCL 32-12A-1(16) (defining a felony) and SDCL 32-12A-36(4) are controlling, and "[b]y enactment of these statutes, the Legislature has specifically directed that any CDL holder who commits a felony in a noncommercial vehicle shall be disqualified for a period of not less than one year, regardless of whether that person receives a suspended imposition of sentence." However, Ibrahim argued that the OHE's findings were clearly erroneous because the Department did not submit sufficient documentation to establish facts regarding his 2017 citation and 2018 felony conviction.

[¶7.] Before considering the sufficiency of the evidence issue, the circuit court sua sponte asked the parties to submit supplemental briefs addressing whether storage of a felony quantity of marijuana inside a vehicle "constitute[d] 'using a motor vehicle in the commission of a felony' in violation of SDCL 32-12A-36." Secondly, the court asked what felonies fall into the purview of SDCL 32-12A-36(4), "and if no[ne], whether that renders SDCL 32-12A-36[(4)] void for vagueness, or otherwise nugatory?"

[¶8.] Ibrahim submitted a supplemental brief in response, in which he reversed course on his prior concession that SDCL 32-12A-1(16) (defining a felony) was controlling. He argued instead that SDCL 32-12A-36(4) does not require CDL disqualification for felony marijuana possession and other drug-related felonies when the felonious activity occurs in a vehicle. In support, Ibrahim pointed out that SDCL 32-12-52.3 provides for driver's license revocations following convictions for "drug-related offenses" that occurred "while in a vehicle," but the Legislature did not adopt the same specific language concerning "drug-related offenses" in SDCL

32-12A-36(4). Ibrahim also argued that SDCL 32-12A-36(4) is unconstitutionally vague because it provides that a person's commercial driving privileges may only be disqualified if convicted of a crime that penalizes the use of a vehicle in the commission of a felony. However, he claims that "[t]here is no crime [that requires] using a commercial or noncommercial vehicle in the commission of a felony."

[¶9.] The Department also responded to the issues raised by the circuit court. It argued that the plain meaning of the phrase "any felony" is expansive and includes all felonies, including drug offenses, defined under South Dakota's statutory scheme that are committed in a motor vehicle. The Department further argued that the statute's inclusion of "any felony" except as "described in § 32-12A-38" shows that the Legislature considered what felonies to exclude. The Department asserted that SDCL 32-12A-36 is not void for vagueness because each of the statute's seven subsections clearly defines offenses and conduct that require CDL disqualification.

[¶10.] The circuit court held that SDCL 32-12A-36(4) requires that a vehicle was an "instrumentality" of the felony, meaning the felony could not have been committed unless a vehicle was "used as an instrument in [its] commission[;]" and that any other interpretation would be unconstitutionally vague. The court also determined that SDCL 32-12A-36(4) requires a CDL holder to be convicted of a crime that penalizes the use of a vehicle to commit a felony. Finally, the circuit court held that the Department did not present sufficient evidence for its decision and reversed Ibrahim's CDL disqualification.

[¶11.]	The Department appeals, claiming the circuit court erred in reversing the disqualification of Ibrahim's CDL privileges and raises three issues for our review: (1) whether possession of a felony quantity of marijuana in a vehicle is "using a . . . vehicle in the commission of any felony" under SDCL 32-12A-36(4); (2) whether the circuit court erred by holding SDCL 32-12A-36(4) was unconstitutionally vague; and (3) whether there was sufficient evidence to support the Department's disqualification of Ibrahim's CDL privileges.

## Analysis and Decision

### 1.	Whether possession of a felony quantity of marijuana in a vehicle is "using a . . . vehicle in the commission of any felony" under SDCL 32-12A-36(4).

[¶12.]	We review questions of statutory interpretation de novo. *State v. Bowers*, 2018 S.D. 50, ¶ 16, 915 N.W.2d 161, 166. "[T]he language expressed in the statute is the paramount consideration" in statutory construction. *In re West River Elec. Ass'n, Inc.*, 2004 S.D. 11, ¶ 15, 675 N.W.2d 222, 226. Further, "we give words their plain meaning and effect, and read statutes as a whole." *Bowers*, 2018 S.D. 50, ¶ 16, 915 N.W.2d at 166. "When the language of a statute is clear, certain and unambiguous, there is no occasion for construction, and the court's only function is to declare the meaning of the statute as clearly expressed in the statute." *Zoss v. Schaefers*, 1999 S.D. 105, ¶ 6, 598 N.W.2d 550, 552.

[¶13.]	When a statute is unclear, "[i]t is our duty to reconcile any such apparent contradiction [in the statute] and to give effect, if possible, to all of the provisions under consideration, construing them together to make them harmonious and workable." *Matter of Certain Territorial Elec. Boundaries (Aberdeen City*

*Vicinity) (F-3111)*, 281 N.W.2d 72, 76 (S.D. 1979). "We presume the Legislature does not insert surplusage into its enactments. Also, this court will not construe a statute in a way that renders parts to be surplusage." *Hollman v. S.D. Dep't of Soc. Servs.*, 2015 S.D. 21, ¶ 9, 862 N.W.2d 856, 859. "We will not construe a statute to arrive at a strained, impractical, or illogical conclusion." *Santema v. S.D. Bd. of Pardons & Paroles*, 2007 S.D. 57, ¶ 14, 735 N.W.2d 904, 908.

[¶14.] The circuit court held the case "boil[ed] down to a matter of statutory construction" concerning "what role a motor vehicle must play in an underlying felony crime." The circuit court distinguished between the words "using" as applied in subsection (4), and "while," as applied in other subsections of SDCL 32-12A-36. It reasoned that "while" merely required the operation of a vehicle and the commission of a felony to occur concurrently. In contrast, the court read the language "using a . . . motor vehicle in the commission of any felony" to require that the vehicle was an "instrumentality" of the offense, or that the offense required a vehicle to be "used as an instrument in [its] commission."

[¶15.] The Department argues that the circuit court's interpretation was erroneous. It reasserts its claim that a "felony" is "any offense under state or federal law that is punishable by death or imprisonment for a term exceeding one year[.]" SDCL 32-12A-1(16). Thus, in the Department's view, the statute's broad, inclusive language of "using a . . . vehicle in the commission of *any felony*" is contrary to the circuit court's narrow reading of the statute. (Emphasis added). Additionally, the Department claims that the plain language of the statute does not

require that a vehicle was an "instrumentality" of the offense. Ibrahim responds that the circuit court's reading of SDCL 32-12A-36(4) was correct.

[¶16.] Considering the subsection as a whole, SDCL 32-12A-36(4) requires disqualification of commercial driving privileges for one year if a person is "convicted of a first violation of using a commercial or noncommercial motor vehicle in the commission of any felony other than a felony described in § 32-12A-38 . . . ." A plain reading of the statute leads to the conclusion that it applies upon proof that the vehicle was used as a means to commit felony possession of marijuana. *See State v. Myers*, 2014 S.D. 88, ¶ 8, 857 N.W.2d 597, 600 ("The words the [L]egislature used are presumed to convey their ordinary, popular meaning, unless the context or the [L]egislature's apparent intention justifies departure from the ordinary meaning.").

[¶17.] Broadly, the word "use" means "to put into action or service . . . employ." *Use*, Merriam-Webster, https://www.merriam-webster.com/dictionary/webster.com/dictionary/use (last visited Mar. 2, 2021). The word "use" may also mean "to carry out a purpose or action by means of." *Id.* Under either definition, a person who possesses a felony quantity of marijuana in a vehicle driven on a highway is using the vehicle in the commission of a felony. *See State v. Barry*, 2004 S.D. 67, ¶ 9, 681 N.W.2d 89, 92 (A conviction for possession of marijuana under SDCL 22-42-6 requires a showing that a person has "dominion or right of control over a controlled substance or marijuana *with knowledge of its presence and character*") (emphasis added).

[¶18.]      Ibrahim argues that SDCL 32-12A-36(4) only applies to felonies that require the "use" of a vehicle to commit the offense. He offers the example of a felon who uses a vehicle to serve as "a get-a-way driver in a robbery" to support his claim that this is the type of conduct contemplated by SDCL 32-12A-36(4). The circuit court applied similar reasoning to refute the Department's contention that Ibrahim used a vehicle in the commission of a felony, holding that SDCL 32-12A-36(4) did not warrant disqualification of Ibrahim's commercial driving privileges because "driving a vehicle was not relevant to the [possession of marijuana] charge or conviction in any way . . . . [Ibrahim] would have been guilty of the exact same offense had he been walking down the street."[3]

[¶19.]      Nothing in the statute suggests that the Legislature intended to exclude felonies that could also be committed without using a vehicle. To the contrary, the Legislature's inclusion of the "any felony" language suggests that subsection (4) is a catch-all provision that requires the disqualification of CDL privileges whenever a vehicle is used in the commission of a felony. Subsection (4) is unlike the other subsections of SDCL 32-12A-36, which refer to specific criminal offenses.

---

3.     Undoubtedly, a person can be convicted of aiding and abetting a robbery without using a vehicle, just as he or she can be convicted of felony possession of marijuana while walking down the street. In either instance, SDCL 32-12A-36(4) would not require disqualification because the felon was not "using a . . . motor vehicle in the commission of [the offense.]" However, when a person is "using a . . . vehicle in the commission of [the offense]" by driving the get-a-way car or driving a vehicle with a felony quantity of marijuana inside, SDCL 32-12A-36(4) plainly applies.

[¶20.] This conclusion is also consistent with SDCL 32-12A-38.[4] SDCL 32-12A-38 requires permanent CDL disqualification when a person "*uses* a commercial or noncommercial motor vehicle *in the commission of any felony* involving . . . *possession* with intent to manufacture, distribute, or dispense a controlled substance" (emphasis added). It is clear that the Legislature intended this statute—using nearly the same language as SDCL 32-12A-36(4)— to disqualify the CDLs of individuals convicted of using a vehicle to *possess* a controlled substance, with the intent to manufacture, distribute, or dispense, even though it is possible to commit the same offense without using a motor vehicle.

[¶21.] We conclude that CDL disqualification under SDCL 32-12A-36(4) applies when a vehicle is used as a means to possess a felony quantity of marijuana.

### 2. Whether the circuit court erred by holding SDCL 32-12A-36(4) was unconstitutionally vague.

[¶22.] We have recognized the well-established rule that courts generally do not consider the constitutionality of a statute unless the issue is first raised by the parties. *Sharp v. Sharp*, 422 N.W.2d 443, 445-46 (S.D. 1988). *See also State v. Jones*, 406 N.W.2d 366, 371 (S.D. 1987) (Wuest, C.J., dissenting) (stating that "[s]ua sponte consideration of constitutional issues should be reserved for exceptional cases," in which the unconstitutionality of a statute is apparent). "Courts are not concerned with the overall merits or wisdom of statutes. The courts become

---

4. "Any person is disqualified from driving a commercial motor vehicle for life who uses a commercial or noncommercial motor vehicle in the commission of any felony involving the manufacture, distribution, or dispensing of a controlled substance, or possession with intent to manufacture, distribute, or dispense a controlled substance." SDCL 32-12A-38.

judicially concerned when the statute's constitutionality is questioned." *Sharp,* 422 N.W.2d 443 at 445. The United States Supreme Court has also recently cautioned courts against raising questions that have not been raised by the parties. *See United States v. Sineneng-Smith,* ___ U.S. ___, 140 S. Ct. 1575, 1579, 206 L. Ed. 2d 866 (2020) (discussing the party presentation principle).

[¶23.] Case law requires a court to act circumspectly in raising a constitutional defect on its own. The constitutional issue identified by the circuit court was not initially briefed, and was, to some degree, inconsistent with the original argument Ibrahim made to the circuit court. However, it is not necessary to consider principles of judicial restraint further because the statute is not unconstitutional on its face.

[¶24.] A statute is unconstitutionally vague if "a defendant . . . demonstrate[s] that the statute as it applied to the facts of his case was so vague that it did not give a person of ordinary intelligence fair notice that his contemplated conduct was forbidden." *Donat v. Johnson,* 2015 S.D. 16, ¶ 28, 862 N.W.2d 122, 132. Ibrahim has failed to make such a showing in this case. SDCL 32-12A-36(4) is plain on its face as applied to the facts of this case, so that a person transporting controlled substances within a vehicle would have fair notice of the conduct that the statute implicates. Therefore, the circuit court erred in determining SDCL 32-12A-36(4) was unconstitutionally vague as applied to Ibrahim.

### 3. *Whether there was sufficient evidence to support the Department's disqualification of Ibrahim's CDL privileges.*

[¶25.] "Our review of agency decisions is the same as the review made by the circuit court. We perform that review of the agency's findings unaided by any presumption that the circuit court's decision was correct." *In re Jarman*, 2015 S.D. 8, ¶ 8, 860 N.W.2d 1, 5 (internal citations omitted). We "give great weight to the findings made and inferences drawn by an agency on questions of fact. We reverse only when those findings are clearly erroneous in light of the entire record." *Id.*

[¶26.] As discussed above, SDCL 32-12A-36(4) was applicable upon proof that Ibrahim's felony conviction for marijuana possession arose from his use of a motor vehicle. The OHE found that these requirements were satisfied upon its determination that Ibrahim was convicted of a felony after he "was pulled over for an equipment violation," and "[i]t was later discovered that he had [a felony quantity of] marijuana in the vehicle." These findings are partially supported by the abstract in the record, providing Ibrahim's 2017 citation and the docket number of the criminal case for which he was convicted. In addition, the OHE's proposed decision states that Ibrahim testified at the hearing. However, we are unable to fully review the sufficiency of the evidence to support the OHE's findings because Ibrahim failed to order a transcript of the proceedings before the OHE.

[¶27.] SDCL 1-26-32.2 requires the party appealing an administrative decision to order "a written transcript of the proceedings or such parts thereof as he deems necessary . . . ." We have stated that an appellant's failure to order a transcript "may well be fatal to an appeal if it prevents complete and meaningful

review of an issue. Our rule, therefore, provides that we will review the [agency] record insofar as it exists." *Graff v. Children's Care Hosp. & Sch.*, 2020 S.D. 26, ¶ 16, 943 N.W.2d 484, 489. And we will presume the fact finder acted properly where the record is incomplete. *Id.*

[¶28.] Ibrahim has not rebutted the presumption that the OHE's findings were supported by the evidence. *See Erickson v. Dep't of Pub. Safety*, 2017 S.D. 75, ¶¶ 4, 11, 904 N.W.2d 352, 354, 356 (affirming the Department's disqualification of an appellant's CDL when no criminal file or transcript from the criminal hearing was offered into evidence at the agency hearing). Specifically, Ibrahim has not challenged that he was convicted of possessing a felony quantity of marijuana in his vehicle after he was stopped by law enforcement.

[¶29.] We reverse the circuit court and affirm the Department's decision.

[¶30.] KERN, SALTER, DEVANEY, and MYREN, Justices, concur.