#30038-a-SRJ
**2023 S.D. 13**

IN THE SUPREME COURT

OF THE

STATE OF SOUTH DAKOTA

* * * *

RUSSELL C. STANLEY,                                   Petitioner and Appellee,

   v.

STATE OF SOUTH DAKOTA, THE
DEPARTMENT OF PUBLIC SAFETY,          Respondent and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
MEADE COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE MICHELLE K. COMER
Judge

* * * *

EDWARD S. HRUSKA III
Special Assistant Attorney General
Pierre, South Dakota                          Attorneys for respondent
                                              and appellant.


MATTHEW J. KINNEY of
Kinney Law, P.C.
Spearfish, South Dakota                       Attorneys for petitioner
                                              and appellee.

* * * *

CONSIDERED ON BRIEFS
JANUARY 9, 2023
OPINION FILED **03/08/23**

#30038

JENSEN, Chief Justice

[¶1.]        Russell C. Stanley pleaded guilty to unauthorized ingestion of a controlled drug or substance, having been cited for the offense while operating a motorcycle.  The circuit court granted Stanley a suspended imposition of sentence.  Following the criminal proceedings, the Department of Public Safety (Department) notified Stanley that his commercial driver's license (CDL) was subject to disqualification for a period of one year pursuant to South Dakota law.  Stanley requested an administrative hearing to contest the proposed disqualification.  An administrative law judge upheld the disqualification and the Department entered a final order disqualifying Stanley's CDL privileges.  Stanley appealed to the circuit court, which reversed the disqualification of his CDL privileges.  The Department appeals the circuit court's decision.  We affirm.

**Facts and Procedural History**

[¶2.]        Stanley was stopped in Meade County while driving his motorcycle on August 21, 2020.  Stanley held a CDL at the time of the stop.  He was charged with driving under the influence while intoxicated by a combination of alcohol/drug substances (DUI) and with felony unauthorized ingestion of a controlled drug or substance in violation of SDCL 22-42-5.1.  A chemical analysis of Stanley's urine following the stop tested positive for methamphetamine.  Stanley later pleaded guilty to the ingestion charge.  The DUI charge was dismissed.  The circuit court imposed a suspended imposition of sentence for the ingestion charge, pursuant to SDCL 23A-27-13.

[¶3.]     On February 2, 2021, the Department notified Stanley that his CDL privileges would be disqualified for a period of one year for the reason of a "felony committed while operating a motor vehicle." Stanley contested the proposed disqualification by making a timely request for an administrative hearing with the Office of Hearing Examiners.

[¶4.]     The hearing examiner received evidence including Stanley's guilty plea to ingestion of a controlled substance, the order suspending imposition of sentence, and Stanley's driving record. Stanley admitted in his testimony that he was operating a motor vehicle when he was pulled over and cited for ingestion of a controlled substance and that he later pleaded guilty to the ingestion charge. The hearing examiner found that Stanley held a CDL at the time he was cited for ingestion of a controlled substance.[1] The hearing examiner further found that Stanley was "sentenced" for felony ingestion of a controlled substance and "[a]ll of the events that led to the conviction happened while Stanley was in a vehicle."[2]

---

1.    While the hearing examiner's proposed decision correctly refers to Stanley's ingestion of a controlled substance charge, the decision states in the "reasoning" section that Stanley is "considered guilty of possession of a schedule I or II controlled substance." Possession of a controlled substance is prohibited under SDCL 22-42-5, but Stanley was never charged with that offense. Instead, he pled guilty to ingestion of a controlled substance in violation of SDCL 22-42-5.1, but it is not clear under which statutory theory of criminal liability Stanley was convicted—"knowingly ingest[ing]" a controlled substance or "hav[ing] a controlled drug or substance in an altered state in the body[.]" Therefore, the finding that Stanley is "considered guilty of possession" is not supported by the evidence, but, regardless, the Department does not rely upon this finding in urging this Court to reverse the decision of the circuit court.

2.    Under the felony suspended imposition statute in SDCL 23A-27-13, an order for a suspended imposition of sentence, after a guilty plea, is neither a

(continued . . .)

[¶5.]     The hearing examiner also determined that Stanley's suspended imposition of sentence had no effect on the mandatory CDL disqualification, citing the "anti-masking" statute, SDCL 32-12A-64, which provides:

> The state may not mask, defer imposition of judgment, or permit any person to enter into a diversion program that would prevent a commercial learner's permit or commercial driver license holder's conviction for any violation, in any type of motor vehicle, of a state or local traffic control law except a parking violation from appearing on the driver's record, whether the driver was convicted for an offense committed in the state, in the state where the driver is licensed, or in another state.

[¶6.]     Based upon its findings, the hearing examiner determined that disqualification of Stanley's CDL was required pursuant to SDCL 32-12A-36(4). The relevant portion of the statute provides, "[a]ny person is disqualified from driving a commercial motor vehicle for a period of not less than one year: . . . (4) If convicted of a first violation of using a commercial or noncommercial motor vehicle in the commission of any felony[.]" SDCL 32-12A-36. The Department entered a final administrative decision adopting the hearing examiner's proposed decision in full. Stanley appealed the decision to the circuit court.

[¶7.]     The circuit court reversed the Department's determination. In its decision, the circuit court found that there "is no evidence Stanley ingested while

_____

(. . . continued)
    sentence nor a conviction of the criminal offense. However, the hearing examiner correctly determined that Stanley had been convicted of ingestion of a controlled substance for the purposes of the CDL disqualification statutes. The Legislature defines a conviction under the CDL disqualification statutes to include "a plea of guilty or nolo contendere accepted by the court." SDCL 32-12A-1(7). The order suspending the imposition of sentence shows that the circuit court accepted the guilty plea prior to imposing the suspended imposition of sentence.

driving[,] . . . when Stanley ingested[,] . . . [or] where Stanley ingested." The court also found there "is no evidence Stanley was under the influence of the controlled substance and in fact the DUI (alcohol/drugs) charge was dismissed." The circuit court analyzed our decision in *Ibrahim v. Dep't of Pub. Safety*, 2021 S.D. 17, 956 N.W.2d 799, with respect to the issue of whether Stanley's offense for felony ingestion of a controlled substance was subject to mandatory disqualification under SDCL 32-12A-36(4) as a "violation of using a commercial or noncommercial motor vehicle in the commission of any felony[.]" The circuit court noted that the instant offense involved felony ingestion rather than felony possession of marijuana located in the vehicle, as was the case in *Ibrahim*. Despite this noted distinction and the court's findings, the circuit court did not specifically resolve whether SDCL 32-12A-36(4) applied to Stanley's felony ingestion offense.

[¶8.] The court examined the "traffic control law" language in SDCL 32-12A-64, "to determine if [the] charge for which Stanley received a Suspended Imposition of Sentence should be unmasked." The court then considered the plain language in SDCL 32-12A-64 and noted that no part of the crime of ingestion involved a "traffic control law." From our review of the remainder of the circuit court's conclusions, it appears the court determined that because the anti-masking statute does not apply to ingestion offenses, Stanley's suspended imposition of sentence should not be deemed a conviction for purposes of disqualifying his CDL privileges.

[¶9.] The Department appeals the circuit court's decision reversing Stanley's CDL disqualification, raising the issues we restate as follows:

1.    Whether Stanley "used" a motor vehicle in committing the crime of ingestion to fall within the scope of SDCL 32-12A-36(4).

2.    Whether SDCL 32-12A-64 applies to the suspended imposition of sentence for a violation of SDCL 22-42-5.1.

## Analysis

[¶10.]    Our standard of review for issues of statutory interpretation is well established.

> We review questions of statutory interpretation de novo. "[T]he language expressed in the statute is the paramount consideration" in statutory construction. Further, "we give words their plain meaning and effect, and read statutes as a whole." "When the language of a statute is clear, certain and unambiguous, there is no occasion for construction, and the court's only function is to declare the meaning of the statute as clearly expressed in the statute."

*Ibrahim*, 2021 S.D. 17, ¶¶ 12–13, 956 N.W.2d at 802–03 (citations omitted).

[¶11.]    The Department argues that the circuit court erred in failing to affirm the administrative determination that Stanley's violation of SDCL 22-42-5.1 while operating a noncommercial motor vehicle fell within SDCL 32-12A-36(4). In its view, Stanley's CDL was subject to mandatory disqualification under SDCL 32-12A-36(4) based upon his admission that he was operating a motor vehicle when he was stopped by law enforcement; cited for ingestion of a controlled substance; and ultimately entered a plea of guilty to ingestion of a controlled substance that was accepted by the circuit court.[3] Stanley asserts that he did not "use" a motor vehicle

---

3.    The Department did not attempt to establish CDL disqualification under any other subsection of SDCL 32-12A-36. For instance, SDCL 32-12A-36(1) requires disqualification of a CDL if a person is convicted of driving or being in control of a vehicle while under the influence of any controlled drug or

(continued . . .)

to commit the crime of ingestion and therefore is not subject to CDL disqualification under the provisions of SDCL 32-12A-36(4).

[¶12.]     Stanley pleaded guilty to the crime of ingestion in violation of SDCL 22-42-5.1 which provides:

> No person may knowingly ingest a controlled drug or substance or have a controlled drug or substance in an altered state in the body unless the substance was obtained directly or pursuant to a valid prescription or order from a practitioner, while acting in the course of the practitioner's professional practice or except as otherwise authorized by chapter 34-20B.

Mandatory disqualification occurs under SDCL 32-12A-36(4) when a CDL holder is convicted for "*using* a commercial or noncommercial motor vehicle *in the commission of any felony* other than a felony described in § 32-12A-38[.]"  (Emphasis added.)

[¶13.]     This Court recently discussed SDCL 32-12A-36(4) in *Ibrahim v. Department of Public Safety*.  In that case, the defendant was stopped and charged with felony possession of marijuana after marijuana was found in his vehicle.  *Ibrahim*, 2021 S.D. 17, ¶ 5, 956 N.W.2d at 801.  In the criminal proceedings, the defendant was convicted of felony possession of marijuana and the Department

---

(. . . continued)

> substance.  A "conviction" as defined in SDCL 32-12A-1(7) includes "a determination that a person has violated or failed to comply with the law in a court of original jurisdiction or *an authorized administrative tribunal . . .* regardless of whether or not the penalty is rebated, suspended, or probated." (emphasis added).  The DUI charge was dismissed at the time Stanley pleaded guilty to ingestion of a controlled substance.  The administrative tribunal made a determination that Stanley was pulled over in a motor vehicle and cited for DUI and ingestion, but as noted by the circuit court, the hearing examiner made no finding that Stanley was driving while under the influence of a controlled substance and/or alcohol in violation of the applicable criminal statute.

sought to disqualify his CDL. *Id.* ¶ 2, 956 N.W.2d at 800–01. On appeal, *Ibrahim* considered "whether possession of a felony quantity of marijuana while using a motor vehicle is 'using a . . . vehicle in the commission of any felony' under SDCL 32-12A-36(4)." *Id.* ¶ 12, 956 N.W.2d at 802. In answering this question in the affirmative, we discussed the definition of "using" a motor vehicle in the commission of a crime. *Id.* ¶ 17, 956 N.W.2d at 803–04. We explained that "use" means "to put into action or service . . . employ" or "to carry out a purpose or action by means of." *Id.* (quoting *Use*, Merriam-Webster, https://www.merriam-webster.com/dictionary/use (last visited Mar. 2, 2021)). Based on a plain reading of the language, we held that SDCL 32-12A-36(4) "applies upon proof that the vehicle was used *as a means to commit* felony possession of marijuana." *Ibrahim*, 2021 S.D. 17, ¶ 16, 956 N.W.2d at 803 (emphasis added). Because the marijuana was found in the vehicle at the time of the stop, we determined the defendant was "using" a vehicle to possess the marijuana. *Id.* ¶ 21, 956 N.W.2d at 804.

[¶14.] The Department asserts that *Ibrahim* precludes Stanley's arguments that the vehicle must be used as an "instrumentality" of the crime and that SDCL 32-12A-36(4) would apply only when the use of a vehicle is an actual element of the offense. The Department claims the "any felony" language is intended to apply to every felony charged when a person is using a vehicle. In *Ibrahim* we articulated that SDCL 32-12A-36(4) is not limited to crimes that require the use of a vehicle as an element of the offense. "[T]he Legislature's inclusion of the 'any felony' language suggests that subsection (4) is a catch-all provision that requires the disqualification of CDL privileges whenever a vehicle is *used in the commission of a*

*felony." Ibrahim*, 2021 S.D. 17, ¶ 19, 956 N.W.2d at 804 (emphasis added). Thus, SDCL 32-12A-36(4) may apply to any felony offense that can be committed with or without the use of a vehicle, but we must look at *how* the offense was committed to determine whether SDCL 32-12A-36(4) requires CDL disqualification. If the vehicle is used to commit the offense, the statute applies. In *Ibrahim*, we determined that the vehicle the defendant was operating was used as a means to possess the marijuana. Here, we must consider whether Stanley used his motorcycle to commit the offense of ingestion of a controlled substance.

[¶15.] The felony ingestion statute in SDCL 22-42-5.1 prohibits a person from "knowingly ingest[ing] a controlled drug or substance or hav[ing] a controlled drug or substance in an altered state in the body . . . ." There is no evidence or showing that Stanley utilized the motorcycle to commit the crime of ingestion of a controlled substance. The offense as committed by Stanley in this case is therefore not subject to mandatory CDL disqualification within SDCL 32-12A-36(4).[4]

[¶16.] The circuit court's decision reversing the Department's disqualification of Stanley's CDL is affirmed.[5]

---

4. Because we determine that Stanley did not use a motor vehicle to commit the crime of ingestion, it is unnecessary to decide, and we make no determination whether a "conviction" for ingestion of a controlled substance under SDCL 22-42-5.1 is an offense that, under different facts, may involve the use of "a . . . vehicle in the commission of any felony" under SDCL 32-12A-36(4).

5. As to the Department's second issue, the circuit court's reliance upon the inapplicability of the anti-masking statute, in SDCL 32-12A-64, to reverse the decision of the Department was misplaced. SDCL 32-12A-64 is designed to prevent any state action to mask a conviction for a CDL disqualifying offense of a "state or local traffic control law[.]" Stanley's suspended imposition of sentence did not mask his offense for the purpose of CDL

(continued . . .)

#30038

[¶17.]        KERN, SALTER, DEVANEY, and MYREN, Justices, concur.

---

(. . . continued)

        disqualification because the Legislature has defined a conviction to include "a plea of guilty or nolo contendere accepted by the court . . . regardless of whether or not the penalty is rebated, suspended or probated[.]" SDCL 32-12A-1(7). After the court accepted Stanley's guilty plea to ingestion and imposed a suspended imposition of sentence, it stood as a "conviction" as defined by SDCL 32-12A-1(7), but it was not a disqualifying conviction under SDCL 32-12A-36(4). The fact that the circuit court reached its conclusion for the wrong reason "does not prevent this court from affirming based upon the correct reason." *Stratmeyer v. Stratmeyer*, 1997 S.D. 97, ¶ 11, 567 N.W.2d 220, 222 (quoting *Anderson v. Somers*, 455 N.W.2d 219, 222 (S.D. 1990)).