#29604-r-SRJ
**2022 S.D. 9**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

IN THE MATTER OF THE ESTATE OF
DALE D. JONES,
Deceased.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
CODINGTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE CARMEN MEANS
Judge

* * * *

DILLON P. MARTINEZ
SEAMUS W. CULHANE of
Turbak Law Office
Watertown, South Dakota

Attorneys for petitioners and
appellants Doug Jones and
Jessica Jones.


JOEL RISCHE
JUSTIN T. CLARKE
MATTHEW W. VAN HEUVELEN of
Davenport, Evans, Hurwitz &
    Smith, LLP
Sioux Falls, South Dakota

Attorneys for respondent and
appellee Lisa Jones.

* * * *

CONSIDERED ON BRIEFS
NOVEMBER 8, 2021
OPINION FILED **02/09/22**

#29604

JENSEN, Chief Justice

[¶1.]     Dale Dean Jones died intestate.  The circuit court appointed Dale's

wife, Lisa Jones, as his estate's personal representative.  Dale's adult children,

Douglas (Doug) and Jessica Jones, subsequently petitioned for the appointment of a

special administrator to pursue a wrongful death claim for Dale's estate.  They also

served discovery requests on Lisa seeking information pertaining to their petition.

Lisa refused to answer the discovery and filed a motion for a protective order.  Doug

and Jessica filed a motion to compel.  Following a hearing noticed for the discovery

motions, the court denied the petition for special administrator and determined the

discovery issues were moot.  This Court granted Doug and Jessica's petition for

intermediate appeal.  Doug and Jessica argue that the petition for special

administrator was not properly noticed for hearing and the circuit court abused its

discretion by failing to address the discovery motions before deciding the petition for

special administrator.  We reverse the circuit court's order on the latter issue and

remand for further proceedings.

**Facts and Procedural History**

[¶2.]     Dale died on January 4, 2020, after a car struck him on the side of a

road while he was working as a tow truck operator.  Lisa and Dale had been

married for approximately 17 years at the time of Dale's death, but Doug and

Jessica claim the couple had long since separated and had, in fact, lived apart for

approximately five years.  Doug and Jessica are Dale's children from a prior

relationship.

[¶3.]       Doug and Jessica petitioned for formal probate and appointment as co-personal representatives of Dale's estate (Estate) on January 9, 2020. On January 23, 2020, Lisa filed a petition for formal probate and appointment as personal representative. Following a hearing, the court entered an order for formal probate, determining that Dale had died intestate. The court also appointed Lisa as personal representative based upon her statutory priority for appointment as the surviving spouse under SDCL 29A-3-203(a).

[¶4.]       On October 28, 2020, Doug and Jessica filed a petition with the circuit court for the appointment of a special administrator (Petition) claiming Lisa was unable to manage the wrongful death claim for the Estate and that an independent special administrator was necessary to protect the interests of all beneficiaries. A hearing was noticed by Doug and Jessica and scheduled for the Petition on November 24, 2020. Lisa filed an objection to the Petition. The hearing was cancelled after one of the participants contracted COVID-19 and was never rescheduled.

[¶5.]       On November 5, 2020, Doug and Jessica served interrogatories and requests for production of documents on Lisa. The discovery requests sought information about Lisa's relationship with Dale, her personal finances, her tax returns and loan applications for the last ten years, documents relating to her personal accounts, and information about any governmental assistance received by Lisa in the last ten years. The requests also sought information about any benefits, including workers' compensation benefits, that Lisa had received, or anticipated receiving, as a result of Dale's death, an inventory of all of the probate and non-

probate assets, and a statement of the Estate's debts. Doug and Jessica also requested a date to take Lisa's deposition. Lisa objected to the discovery requests, and the parties attempted to informally resolve the discovery dispute without success.

[¶6.] On December 7, 2020, Lisa filed a motion for a protective order. Lisa asked the circuit court to enter an order that no discovery be had on the interrogatories and requests for production of documents served by Doug and Jessica. Lisa served a notice of hearing on her motion for protective order for February 11, 2021. She argued that a protective order was appropriate because Doug and Jessica were not entitled to conduct discovery in the probate proceedings and the requests were beyond the scope of discovery.

[¶7.] On January 27, 2021, Doug and Jessica filed a motion to compel. They also noticed a hearing on their motion for February 11, the date already scheduled to hear Lisa's motion for a protective order. Doug and Jessica argued that the circuit court could not adequately consider the Petition without a factual record developed following discovery. They claimed that Lisa was not fit to handle the wrongful death claim on behalf of the Estate based on her financial instability and poor relationship with Doug and Jessica. Additionally, they argued that Lisa has a conflict of interest because Lisa has every incentive to enhance the recovery of workers' compensation benefits as Dale's surviving spouse, but little interest in prosecuting the wrongful death claim because of her minimal, if any, pecuniary loss

from Dale's death due to the estrangement between Dale and Lisa.[1] They argued that the workers' compensation lien statutes create a tension between Lisa and themselves, as Lisa's workers' compensation benefits may be reduced by any "like damages" Doug and Jessica recover from the third-party tortfeasor and that Doug and Jessica's potential recovery in the wrongful death claim may be reduced by the workers' compensation benefits paid to Lisa.[2] They further contended that their discovery requests were well within the scope of discovery as they were relevant to the conflict issues, apportionment of potential wrongful death proceeds, and Lisa's handling of the Estate, all of which directly implicated the Petition and other issues as the probate moves forward.

1. SDCL 62-4-12.1 provides that workers' compensation benefits for an injury to the employee resulting in death shall be paid to the surviving spouse provided that the employee's children are over the age of eighteen, or age twenty-two, if the child is a full-time student, or not physically or mentally incapable of self-support. Although not developed in the record, it appears from the parties' briefs that Doug and Jessica are adults and would be ineligible to recover any benefits under SDCL 62-4-12.1. Conversely, in a wrongful death action, recovery for each statutory beneficiary is based on the beneficiary's pecuniary loss which "encompasses the loss to a spouse or a child of such things as protection, guidance, advice and assistance." *Zoss v. Dakota Truck Underwriters*, 1999 S.D. 37, ¶ 14, 590 N.W.2d 911, 914.

2. Under SDCL 62-4-38, if the injured employee recovers "like damages" from a third party, the damages operate as an offset against any workers' compensation benefits to which the employee would be entitled. Additionally, under SDCL 62-4-39, the employer is subrogated for any workers' compensation benefits paid to the employee out of the "like damages" recovered from a third party. *See also Luze v. New FB Co.*, 2020 S.D. 70, ¶¶ 27, 33, 952 N.W.2d 264, 273, 274 (permitting the workers' compensation insurer to offset benefits paid or to be paid by an employer against the underinsured motorist benefits recovered by the estate of worker for the negligence of a third party).

[¶8.] In Lisa's reply brief to the court, she argued that Doug and Jessica's allegations, though disputed, were irrelevant and immaterial to the Petition. Further, Lisa responded that neither she, nor her counsel, have a conflict of interest because the circuit court has the authority to apportion the potential wrongful death proceeds and she will fulfill her fiduciary duties to the Estate by acting in the Estate's best interests. Lisa requested the court to deny the Petition at the February 11, 2021 hearing.

[¶9.] At the hearing, both parties appeared personally and with their attorneys. The court initially announced the case and asked counsel to note their appearances, by stating "[t]his is the time and place scheduled for a hearing on *some discovery matters* in the Estate of Dale Jones, let's have counsel note their appearances in this matter." (Emphasis added.) In response, counsel for Doug and Jessica stated, "Your Honor, John Knight appearing on behalf of Doug Jones and Jessica Jones in the matter, requesting that a special administrator be appointed by the [c]ourt in this matter."

[¶10.] The circuit court observed that the discovery issues had been handled by Attorney Knight's co-counsel, who was not present at the hearing, and asked Attorney Knight if he was comfortable addressing those requests. Attorney Knight answered in the affirmative. The court then addressed questions to the parties concerning the grounds for the Petition. Doug and Jessica emphasized that Lisa should not be responsible for developing and presenting evidence regarding pecuniary damages in the wrongful death claim. They highlighted that Lisa's only incentive was to enhance the value of the workers' compensation claim, thereby

decreasing the proceeds available to apportion between the beneficiaries of the wrongful death claim. Doug and Jessica argued that an independent special administrator would maximize the recovery for all beneficiaries.[3]

[¶11.] At the conclusion of the hearing, the circuit court orally denied the Petition, finding that a special administrator was not necessary for the proper administration of the Estate and would not alleviate Lisa's alleged conflict of interest. The court also determined that the appointment of a special administrator would increase costs for the Estate and in turn reduce the recovery for the beneficiaries.[4] The court acknowledged Doug and Jessica's assertion that the discovery requests were necessary to allow them to fully develop the issue of the appointment of special administrator but determined that the resolution of the Petition rendered the discovery issues moot. The court denied Doug and Jessica's motion to compel discovery and granted Lisa's motion for a protective order. The court orally indicated that Doug and Jessica could request another hearing on the motion to compel if they believed discovery was needed.

[¶12.] On February 17, 2021, Lisa submitted a proposed order to the court by email, which denied the motion to compel and granted the protective order. The

---

3. Doug and Jessica asked the court to appoint retired South Dakota Circuit Court Judge David Gienapp as special administrator.

4. Doug and Jessica also asserted that a special administrator was necessary to reduce attorney's fees in the wrongful death claim. They argued that Lisa's counsel would be paid attorney's fees for their representation of Lisa both in her personal capacity and as the personal representative handling the wrongful death claim. The record is unclear regarding this claim and how the potential wrongful death proceeds will be affected by the attorney's fee arrangements.

order was also forwarded to Doug and Jessica's counsel. The circuit court entered the order on March 2, 2021. On March 3, 2021, counsel for Doug and Jessica emailed the court raising concerns for the first time that the court had considered the Petition at the February 11 hearing when only the discovery motions had been noticed. Counsel explained that Doug and Jessica only referenced the merits of the Petition in order to allow the circuit court to appreciate the need for discovery.

[¶13.] No further proceedings were conducted in the circuit court concerning the email. Instead, Doug and Jessica petitioned this Court for a discretionary appeal of the circuit court's order. The petition sought review of the following issues: (1) the denial of Doug and Jessica's Petition; (2) the denial of Doug and Jessica's motion to compel; and (3) the granting of Lisa's motion for protective order. This Court granted the petition for discretionary appeal. Doug and Jessica have briefed two issues, which we restate as follows:

1. Whether the circuit court erred in ruling on the Petition when it was not noticed for hearing.

2. Whether the circuit court abused its discretion by not considering the discovery motions before hearing and determining the Petition.

**Analysis and Decision**

[¶14.] The interpretation of a statute is reviewed de novo. *Est. of Fox*, 2019 S.D. 16, ¶ 12, 925 N.W.2d 467, 471, reh'g denied (Apr. 24, 2019). Likewise, we review conclusions of law de novo. *Id.* This Court reviews "a circuit court's discovery orders under an abuse of discretion standard." *Andrews v. Ridco, Inc.*, 2015 S.D. 24, ¶ 14, 863 N.W.2d 540, 546 (quoting *Dakota, Minn. & E. R.R. Corp. v. Acuity*, 2009 S.D. 69, ¶ 47, 771 N.W.2d 623, 636). "An abuse of discretion is 'a

fundamental error of judgment, a choice outside the reasonable range of permissible choices, a decision . . . [that], on full consideration, is arbitrary or unreasonable.'" *Coester v. Waubay Twp.*, 2018 S.D. 24, ¶ 7, 909 N.W.2d 709, 711 (quoting *Wald, Inc. v. Stanley*, 2005 S.D. 112, ¶ 8, 706 N.W.2d 626, 629).

### 1. *Failure to notice a hearing on the Petition.*

[¶15.]	Doug and Jessica argue that the Petition was not noticed for hearing as required by SDCL 29A-3-614 and should not have been addressed or decided at the February 11 hearing.  "A special administrator may be appointed . . . [i]n a formal proceeding by order of the court on the petition of any interested person . . . after notice and a hearing[.]"  SDCL 29A-3-614.  Doug and Jessica also cite SDCL 29A-1-401, which governs the method and time of giving notice on a petition in probate:

> (a)	If notice of a hearing on *any* petition is required and except for specific notice requirements as otherwise provided, *the petitioner shall cause notice* of the time and place of hearing of any petition, together with a copy of the petition, to be given to any interested person . . . .  Notice shall be given:
>
> > (1)	By mailing a copy of the notice of hearing and of the petition *at least fourteen days before the time set* for the hearing . . . to the person being notified . . . ;
> >
> > (2)	By delivering a copy of the notice of hearing and of the petition to the person being notified personally *at least fourteen days before the time set* for the hearing[.]

(Emphasis added.); *see also Matter of Est. of Petrik*, 2021 S.D. 49, ¶ 23, 963 N.W.2d 766, 771 (holding that a petition for termination of joint tenancy filed in a probate action was a formal proceeding that required notice and hearing).

[¶16.]     There is no dispute that the Petition was not noticed for the February 11 hearing. The motion for a protective order and the motion to compel were the only matters noticed for the February 11 hearing. The circuit court's introductory comments at the start of the hearing confirmed that it was "the time and place scheduled for a hearing on some discovery matters in the Estate of Dale Jones[.]"

[¶17.]     Nevertheless, we decline to address Doug and Jessica's procedural claim because Doug and Jessica have waived the issue concerning the lack of notice for hearing on the Petition. "Generally, questions over . . . notice must be raised at the first reasonable opportunity or they are waived. Moreover, actual participation in legal proceedings waives irregularities in notice and service procedures and even a lack of formal notice." *State v. Fifteen Impounded Cats*, 2010 S.D. 50, ¶ 31, 785 N.W.2d 272, 282 (internal citation omitted). In *State v. Fifteen Impounded Cats*, this Court held that the defendant waived her claim of insufficient notice because she actually participated in the hearings without any objection to the sufficiency of notice. *Id.* ¶ 32, 785 N.W.2d at 283; *see also Wollenburg v. Conrad*, 522 N.W.2d 408, 411–12 (Neb. 1994) (holding that notice may be waived through unequivocal conduct such as voluntary appearance or filing a lawsuit); *Mattingly v. Charnes*, 700 P.2d 927, 928 (Colo. App. 1985) ("One who is notified, appears, and participates in a hearing, cannot later be heard to complain as to the sufficiency of notice he received.").

[¶18.]     Doug and Jessica appeared, with counsel, and addressed the merits of the Petition at the February 11, 2021 hearing without any mention that a hearing had not been noticed on the Petition. Further, Doug and Jessica failed to assert an

objection to the sufficiency of the notice at any time before the court signed the order denying the Petition. Doug and Jessica's untimely email, raising concerns with the lack of notice after the court had already entered the order, does not negate Doug and Jessica's waiver. As such, Doug and Jessica waived their objection to the sufficiency of the notice for the Petition heard at the February 11 hearing.

### 2. Discovery issues.

[¶19.] Doug and Jessica contend the circuit court abused its discretion in denying their Petition before considering the discovery motions and that they were prejudiced by the circuit court's decision because discovery was necessary for the court to properly evaluate the Petition. They argue that the circuit court ignored the applicable Rules of Civil Procedure and that their discovery requests were within the broad scope of discovery under SDCL 15-6-26(b).

[¶20.] Lisa claims that the circuit court properly declared the motion to compel moot because the requested discovery was related to the Petition, which the circuit court had properly denied. Additionally, Lisa argues that questions relating to apportionment of the wrongful death proceeds are not yet ripe since the wrongful death claim has not yet been settled.[5] Lisa asserts that even if the discovery issues are justiciable, the circuit court properly exercised its discretion in entering a protective order because Doug and Jessica were not entitled to conduct discovery in

---

5. Although disputed by Lisa, Doug and Jessica claim that the liability carrier for the driver of the vehicle that struck Dale has already paid its $100,000 policy limits, which they believe is held in the trust account of Lisa's attorneys and has not been apportioned.

the probate proceeding and because the requests were beyond the scope of permissible discovery.

[¶21.] The circuit court did not decide whether Doug and Jessica had a right to conduct discovery in the probate proceedings or whether the specific requests were relevant to issues in the case. However, in determining that the discovery issues were moot, the court stated, "The idea that we're just going to in every probate case have formal discovery, I mean I don't think there's any basis for that. If there's issues presented, yeah, then there's got to be discovery as to those issues, but now if I've made a decision on this issue I'm not really sure on what basis [discovery is appropriate.]" The court continued, "[Counsel] presented to me in his submissions that he needed to have this discovery to litigate the issue of appointment of a special administrator. Now if I've made that decision already, why are we having discovery on that?"

[¶22.] In summarizing its ruling, the circuit court explained,

> I will say this, it's clear to me from the submissions that [counsel] intended for the discovery to be sought on the issue of whether or not a special administrator should be appointed. From his perspective, at least from the written submissions that I reviewed, he was saying maybe we shouldn't even talk about that issue today because we need to resolve the discovery issue . . . . I'm just going to find that there is no reason to consider [Doug and Jessica's] motion to compel because the motion to compel was an effort to obtain discovery on whether or not a special administrator should be appointed. If the attorneys think I'm wrong about that then we can have a second hearing on that issue, but that's my feeling on that.

Counsel for Lisa then requested that the court grant her motion for a protective order based upon the court's mootness ruling and requested an award of costs to

Lisa. The court denied the award of costs but granted the motion for a protective order stating, "I don't think there's any need now to continue with discovery."

[¶23.] South Dakota's version of the Uniform Probate Code applies the Rules of Civil Procedure to formal probate proceedings "[u]nless specifically provided to the contrary" or "unless inconsistent with its provisions[.]" SDCL 29A-1-304. Accordingly, SDCL chapter 15-6 governs discovery in formal probate proceedings. *See In re Est. of Laue*, 2010 S.D. 80, ¶ 41, 790 N.W.2d 765, 773–74 (applying SDCL 15-6-36 to deny a party's motion to compel in a probate proceeding). Here, the Petition was filed in a formal adversarial probate proceeding between two interested parties and is governed by the Rules of Civil Procedure. *See* SDCL 29A-1-201(18) (defining "formal proceedings" as "proceedings conducted before a judge with notice to interested persons"); *see also Petrik*, 2021 S.D. 49, ¶ 23, 963 N.W.2d at 771 (concluding that a petition filed in a pending probate action seeking a decision from the court is a formal proceeding).

[¶24.] Lisa relies on SDCL 29A-1-102 to support her contention that Doug and Jessica are not entitled to discovery as a matter of course in a probate proceeding. SDCL 29A-1-102 provides that "[t]he South Dakota Uniform Probate Code shall be liberally construed and applied to promote simplification, clarification, and efficiency in the law of decedent's estates[.]" Lisa asserts that allowing interested parties to conduct discovery in a probate proceeding contravenes the simplicity and efficiency in the administration of estates provided for in SDCL 29A-1-102.

[¶25.]     Lisa's argument that SDCL 29A-1-102 limits discovery in a formal probate proceeding is untenable.  SDCL 29A-1-102 does not *specifically* limit the application of the Rules of Civil Procedure or the discovery provisions contained in the Rules.  Further, a party's right to discovery under the Rules of Civil Procedure in a formal probate proceeding is not inconsistent with the efficient administration of a probate.  The Rules for discovery are designed to "(1) narrow the issues; (2) obtain evidence for use at trial; [and] (3) secure information that may lead to admissible evidence at trial." *Kaarup v. St. Paul Fire & Marine Ins. Co.*, 436 N.W.2d 17, 19 (S.D. 1989).  Thus, the ability of an interested party to obtain discovery for these purposes on a contested petition in probate, without the need for court intervention, may very well promote the efficient administration of the probate, not impede it.

[¶26.]     Moreover, the scope of discovery is broad under SDCL 15-6-26(b). *Ferguson v. Thaemert*, 2020 S.D. 69, ¶ 12, 952 N.W.2d 277, 281.  "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action," through "depositions upon oral examination or written questions; written interrogatories; [and] production of documents . . . ."  SDCL 15-6-26(a) to -26(b)(1).  The Rules of Civil Procedure permitted Doug and Jessica, as interested parties, to serve their discovery requests without the need for court intervention.  "Any party may serve upon any other party written interrogatories to be answered by the party served . . . .  Interrogatories may, without leave of court, be served[.]"  SDCL 15-6-33(a).  Requests for production of documents may also be served "without leave of court[.]"  SDCL 15-6-34(b).

Further, interrogatories and requests for production may relate to any matters which can be inquired into under SDCL 15-6-26(b). *See* SDCL 15-6-33(b) (interrogatories); SDCL 15-6-34(a) (requests for production).

[¶27.] While we generally review a circuit court's decision on discovery matters for an abuse of discretion, there is no showing that the court exercised its discretion in this instance to determine whether any of the requests were within the scope of discovery. Instead, the court concluded the discovery issues were rendered moot by its decision to deny the Petition. This was not a circumstance where Lisa answered some discovery and objected to other requests. Rather, she asked the circuit court to approve her refusal to respond to *any* discovery. Aside from Lisa's claims that the requested discovery was not appropriate and beyond the scope of discovery in this probate proceeding, she failed to provide justification for her complete refusal to answer any discovery.[6]

[¶28.] Additionally, the court granted the motion for a protective order despite finding that the discovery issues were moot. SDCL 15-6-26(c) provides that a court may issue a protective order upon a showing of good cause "to protect a . . . person from annoyance, embarrassment, oppression, or undue burden or expense[.]" The burden of showing good cause initially rests on the party seeking a protective

6. Some of the requests sought basic information about Lisa, her relationship with Dale, her claims for workers' compensation benefits arising from Dale's death, and matters involving her actions in administering the Estate. These basic requests, including an inventory of probate assets, may be relevant not just to the appointment of a special administrator, but also to other issues involving the wrongful death claim and the probate action. Lisa failed to articulate why each individual request was beyond the scope of discovery or explain the necessity of a protective order under SDCL 15-6-26(c).

order to show that the information sought is not discoverable and harmful to the party's interest. *Bertelsen v. Allstate Ins. Co.*, 2011 S.D. 13, ¶ 59, 796 N.W.2d 685, 704–05. "Once the party opposing discovery makes that showing, 'the burden then shifts to the party seeking discovery to show that the information is relevant to the subject matter of the lawsuit and is necessary[.]'" *Id.* ¶ 59, 796 N.W.2d at 705 (quoting *In re Remington Arms Co., Inc.*, 952 F.2d 1029, 1032 (8th Cir. 1991)). "If the party seeking discovery shows both relevance and need, a court *must* weigh the injury that disclosure might cause against the need for the information." *Id.* (emphasis added). The court may then "issue a protective order to safeguard the rights of the parties[.]" *Id.*

[¶29.] "Good cause is established on a showing that disclosure will work a clearly defined and serious injury." *Id.* ¶ 57, 796 N.W.2d at 704 (addressing good cause in the context of confidential matters). "The injury must be shown with specificity." *Id.* "Broad allegations of harm will not suffice." *Id.* The court did not find that Lisa had shown good cause, that any particular requests were designed to embarrass, annoy, oppress, or create an undue burden or expense as required by SDCL 15-6-26(c), or that all the requests were beyond the scope of discovery.

[¶30.] Lisa's general objection to answering *any* discovery, without a showing of good cause, is insufficient to justify a protective order denying all discovery to Doug and Jessica in a contested formal probate proceeding. *See Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) ("The burden is therefore upon the movant to show the necessity of its issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and

conclusory statements . . . .'" (citation omitted)). Lisa's conclusory assertion that all of the discovery requests were outside the scope of discovery or were designed to embarrass, annoy, and burden Lisa does not satisfy her burden to show that good cause existed to issue a protective order.

[¶31.]    Under these circumstances, the circuit court failed to apply the Rules of Civil Procedure when it entered a protective order denying Doug and Jessica all discovery without determining whether good cause existed to grant the motion for a protective order, and without considering the merits of the motion to compel. Discovery rules are "designed to compel *production* of evidence and to promote, rather than stifle, the truth finding process." *Magbuhat v. Kovarik*, 382 N.W.2d 43, 45 (S.D. 1986). As such, the circuit court erred in denying Doug and Jessica's Petition before properly addressing the parties' discovery motions.

[¶32.]    Doug and Jessica were also prejudiced by the circuit court's decision to deny the Petition before addressing the discovery motions. This case presents unique circumstances given the alleged estrangement between Lisa and Dale and the interplay between the wrongful death and workers' compensation statutes. Doug and Jessica have made several factual allegations that remain undeveloped in the record. First, Doug and Jessica claim that Lisa cannot prove any pecuniary loss caused by Dale's death in light of Dale and Lisa's estrangement which may render her interest in the wrongful death claim minimal. *See In re Est. of Watson*, 2003 S.D. 142, ¶¶ 5, 20, 673 N.W.2d 60, 61, 64 (upholding a circuit court's apportionment of $1 to beneficiary when the relationship between the decedent and beneficiary was "almost nonexistent"). Additionally, they also assert that a conflict exists between

Lisa's interests and their own interests based on SDCL 62-4-38 and -39. Doug and Jessica also claim that Lisa's animosity and financial mismanagement will negatively affect her handling of the Estate and their claim in the wrongful death proceeding.

[¶33.] The circuit court has discretion to determine if a special administrator is "necessary to preserve the estate or to secure its proper administration including its administration in circumstances where a general personal representative cannot or should not act." SDCL 29A-3-614; *see also In re Est. of Hutman*, 705 N.E.2d 1060, 1064–65 (Ind. Ct. App. 1999) ("No one can serve as a special administratrix whom the trial court finds unsuitable. A person may be deemed unsuitable by reason of an interest in pending litigation, or bias or prejudice[.]"). In determining who shall pursue a wrongful death claim on behalf of an estate, the "[circuit] court must have confidence that the person will demonstrate the utmost loyalty, impartiality, and integrity, and that the person does not have an interest in pending litigation, or bias or prejudice, such that the appointment would be adverse to the interest of those to be served by the appointment." *Hutman*, 705 N.E.2d at 1065. We cannot say that Doug and Jessica's assertions, if supported by evidence revealed through discovery, would not affect the circuit court's decision on whether a special administrator should be appointed. By granting the motion for protective order and denying the motion to compel, the circuit court denied Doug and Jessica the opportunity to develop and present evidence that may be relevant to their Petition.

[¶34.] We reverse and vacate the circuit court's order denying the Petition, denying the motion to compel, and granting the motion for a protective order. We

remand for further proceedings directing the circuit court to address the discovery issues before addressing the merits of the Petition.

[¶35.]     KERN, SALTER, DEVANEY, and MYREN, Justices, concur.