#30063-a-SRJ
**2023 S.D. 16**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

IN THE MATTER OF AN APPEAL BY AN
IMPLICATED INDIVIDUAL

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE JAMES A. POWER
Judge

* * * *

STACY R. HEGGE of
Gunderson, Palmer, Nelson &
    Ashmore, LLP
Pierre, South Dakota

TALBOT J. WIECZOREK of
Gunderson, Palmer, Nelson &
    Ashmore, LLP
Rapid City, South Dakota

                                        Attorneys for appellant
                                        Implicated Individual.

* * * *

                                        ARGUED
                                        MARCH 23, 2023
                                        OPINION FILED **04/05/23**

PAUL S. SWEDLUND
Solicitor General
Pierre, South Dakota

Attorney for appellee State of
South Dakota.


JEFFREY R. BECK
Sioux Falls, South Dakota

Attorney for appellee
ProPublica.


JON E. ARNESON
Sioux Falls, South Dakota

Attorney for appellee Argus
Leader.

#30063

JENSEN, Chief Justice

[¶1.]	Following the completion of the State's criminal investigation involving

T. Denny Sanford, also known as Implicated Individual,[1] the circuit court entered

an order to unseal the search warrant affidavits related to the investigation.

Sanford appeals, challenging the denial of his request to inspect and participate in

redacting the affidavits before the circuit court unseals them. We affirm.

## Background

[¶2.]	This is the second appeal by Sanford challenging the unsealing of a

search warrant file containing five separate search warrants, returns of the

warrants, inventories, and affidavits in an investigation involving Sanford. *See In

re an Appeal by an Implicated Individual*, 2021 S.D. 61, 966 N.W.2d 578

(*Implicated Individual I*). In *Implicated Individual I*, the circuit court had initially

sealed the entire search warrant file based upon law enforcement's representation

that disclosure would impede the then-ongoing investigation. A ProPublica reporter

requested the documents in the sealed file, prompting the circuit court to review the

scope of its authority to seal the entirety of the search warrant file. ProPublica and

intervenor Argus Leader (Press, collectively) submitted a joint brief to the circuit

court arguing for the file to be unsealed. At the time, the State resisted unsealing

the file, raising concerns that doing so would interfere with the investigation.

---

1.	During the proceedings involved in the first appeal in *In re an Appeal by an Implicated Individual*, 2021 S.D. 61, 966 N.W.2d 578, T. Denny Sanford was referred to as Implicated Individual because his identity was not a matter of public record. The warrants were unsealed following our decision, and his identity is now a matter of public record.

-1-

Sanford also resisted the request, arguing that the release would impact his privacy and reputation.

[¶3.] Relying upon SDCL 23A-35-4.1, the circuit court issued amended orders providing that it was not authorized to seal the contents of the warrants, return of the warrants, or the inventories. The court ordered such "documents shall be unsealed and become publicly accessible court records." The court concluded pursuant to SDCL 23A-35-4.1 that the affidavits in support of the five search warrants would remain sealed, but "[f]ollowing termination of the investigation or filing of an indictment, the document's contents will [be] unsealed and available to public inspection or disclosure as a publicly accessible court record." Sanford and the State appealed the orders, and the circuit court stayed its ruling pending appeal.

[¶4.] On appeal to this Court, Sanford argued that rules governing access to court records found in SDCL chapter 15-15A, promulgated by the South Dakota Supreme Court, conflicted with statutes enacted by the Legislature and must prevail because of the judiciary's inherent authority over its records. *Implicated Individual I*, 2021 S.D. 61, ¶ 19, 966 N.W.2d at 584. We interpreted the plain language of SDCL 23A-35-4.1 to permit a circuit court to "seal the contents of an affidavit in support of a search warrant upon a showing of reasonable cause, but only until the investigation is terminated or an indictment or information is filed." *Id.* ¶ 18, 966 N.W.2d at 583. We further observed that "[t]he statute's text is equally clear in its command that the court 'may not prohibit' the public disclosure of other specific records, namely, the contents of the warrant, the return of the

warrant, and the inventory.  Nor may the court prohibit public disclosure of the fact that a search warrant affidavit has been filed." *Id.*

[¶5.]        We emphasized that "a court's discretion to 'prohibit public access to information in a court record'" as set forth in SDCL 15-15A-13 is limited by the existence of "sufficient grounds to prohibit access *according to applicable constitutional, statutory and common law.*"  *Id.* ¶ 21, 966 N.W.2d at 584 (quoting SDCL 15-15A-13).[2]  We further noted, under SDCL 15-15A-8, that certain personally identifying information within court records must be redacted as a matter of course.[3]  *Id.* ¶ 24, 966 N.W.2d at 585.  While in *Implicated Individual I*

---

2.        SDCL 15-15A-13 provides:

> A request to prohibit public access to information in a court record may be made by any party to a case, the individual about whom information is present in the court record, or on the court's own motion.  Notice of the request must be provided to all parties in the case and the court may order notice be provided to others with an interest in the matter.  The court shall hear any objections from other interested parties to the request to prohibit public access to information in the court record.  The court must decide whether there are sufficient grounds to prohibit access according to applicable constitutional, statutory and common law.  In deciding this the court should consider the purpose of this rule as set forth in § 15-15A-1.  In restricting access, the court will use the least restrictive means that will achieve the purposes of this access rule and the needs of the requestor.

3.        SDCL 15-15A-8 provides for automatic redaction of the following:

> (1) Social security numbers, employer or taxpayer identification numbers, and financial or medical account numbers of an individual.
> (2) Financial documents such as income tax returns, W-2's and schedules, wage stubs, credit card statements, financial

(continued . . .)

there was "no redaction question before us[,]" we stated that "[w]e perceive no tension between our rules allowing for the limited redaction of this information to protect individual privacy interests and SDCL 23A-35-4.1's requirement to allow access to the broader 'contents' of a search warrant." *Id.*

[¶6.] Following our decision in *Implicated Individual I*, the Press filed with the circuit court a motion to unseal the affidavits and a motion to compel discovery on the status of the State's investigation. The court denied the motion to unseal the affidavits because the State indicated the investigation was ongoing.

[¶7.] The State filed a notice of completed investigation with the circuit court on May 27, 2022, satisfying one of the triggering conditions upon which the circuit court's amended orders required the affidavits to be unsealed. In response, Sanford filed a motion to stay the unsealing of the affidavits. He asserted a number of arguments in support of his claim, including: (1) that the Press was required to file a motion and make a showing supporting the unsealing of the affidavits; (2) that SDCL 23A-35-4.1 unconstitutionally violates rights of victims provided for in Article VI, § 29 of the South Dakota Constitution (Marsy's Law); (3) that the absence of any court discretion under SDCL 23A-35-4.1 to stay the unsealing of the affidavits violated the presumption of innocence afforded to him by the Due Process Clause; (4) that certain comments by the media raised questions whether the State's investigation had been completed; and (5) that Sanford should be provided access to

---

(. . . continued)

institution statements, check registers, and other financial information.
(3) The name of any minor child alleged to be the victim of a crime in any adult criminal proceeding.

the affidavits and allowed to participate in redaction before they are unsealed. The Press filed another motion to unseal the affidavits, arguing that the court had previously ordered the affidavits to be unsealed upon termination of the investigation while simultaneously arguing the inspection and redaction process proposed by Sanford was unnecessary.

[¶8.] On June 6, 2022, the circuit court denied Sanford's request to inspect the affidavits prior to their unsealing. In a June 16, 2022 order, the circuit court denied the motion to stay the unsealing of the affidavits and reiterated denial of the inspection request, finding that further delay would serve no valid purpose given the two years of litigation and ample opportunity for Sanford to have previously raised these issues.[4]

[¶9.] In ordering the affidavits to be unsealed, the circuit court concluded that nothing in SDCL 23A-35-4.1, this Court's interpretation of that statute in *Implicated Individual I*, or the circuit court's amended orders required the Press to make a formal request to unseal the affidavits. The court also rejected the Marsy's Law and Due Process constitutional claims as well as Sanford's argument that there were questions whether the State's investigation had concluded. Finally, the circuit court indicated its intent to redact "personally sensitive or identifying information, which in this case consists of personal email addresses, home addresses, phone numbers, and birth dates." The court noted that Sanford had not

---

4. The circuit court agreed to stay the order pending appeal. It found that further delay would substantially prejudice the Press because of the time-sensitive nature of the public interest in the investigation, however, and "gently remind[ed] the Implicated Individual and his counsel to remember the obligations imposed by Rule 11 as they contemplate[d] an appeal."

cited any authority that would require the court to permit the parties to participate in the redaction process or to extend the scope of redaction beyond personally identifying information in the affidavits.

[¶10.] Sanford raises a single issue on appeal:[5]

> Whether the circuit court erred in denying Sanford's request to inspect the affidavits prior to their unsealing so that he may invoke his rights guaranteed by SDCL 15-15A-13.

## Analysis

### *Standard of review.*

[¶11.] "Issues of constitutional and statutory interpretation are . . . subject to de novo review." *Thom v. Barnett*, 2021 S.D. 65, ¶ 13, 967 N.W.2d 261, 267 (citing *Jans v. Dep't of Pub. Safety*, 2021 S.D. 51, ¶ 10, 964 N.W.2d 749, 753). We also review the interpretation of our own court rules "de novo, utilizing our established rules for statutory construction." *Leighton v. Bennett*, 2019 S.D. 19, ¶ 7, 926 N.W.2d 465, 467–68. "Our standard of review for issues of statutory interpretation is well established." *Stanley v. Dep't of Pub. Safety*, 2023 S.D. 13, ¶ 10, __ N.W.2d __, __. "'[T]he language expressed in the statute is the paramount consideration' in statutory construction. Further, 'we give words their plain meaning and effect, and

---

5. On appeal, Sanford abandons the other arguments he made to the circuit court in opposing the unsealing of the affidavits. Interwoven within Sanford's inspection/redaction arguments, however, is a new claim that he has a Fourth Amendment privacy right in the investigative materials contained in the affidavits. The Fourth Amendment privacy right recognized in the cases cited by Sanford involved a challenge to the reasonableness of the search and seizure of property, not a privacy interest in the contents of the information that would be publicly disseminated in the search warrant affidavits. Sanford has failed to articulate a viable Fourth Amendment argument, and we determine this claim to be without merit.

read statutes as a whole.' 'When the language of a statute is clear, certain and unambiguous, there is no occasion for construction, and the court's only function is to declare the meaning of the statute as clearly expressed in the statute.'" *Id.* (alteration in original) (quoting *Ibrahim v. Dep't of Pub. Safety*, 2021 S.D. 17, ¶¶ 12–13, 956 N.W.2d 799, 802–03). Likewise, "[t]his [C]ourt assumes that court rules mean what they say[.]" *In re Yanni*, 2005 S.D. 59, ¶ 8, 697 N.W.2d 394, 398 (quoting *State v. Sorensen*, 1999 S.D. 84, ¶ 14, 597 N.W.2d 682, 684).

[¶12.] We have not previously addressed our standard of review for a court's consideration under SDCL 15-15A-13 of a "request to prohibit public access to information in a court record . . . ." We conclude that a review under an abuse of discretion standard is appropriate. The circuit court's order responding to Sanford's request to view the affidavits and participate in redaction in advance of unsealing them is analogous to a request for a protective order relating to discovery, which we review for abuse of discretion. *In re Estate of Jones*, 2022 S.D. 9, ¶ 14, 970 N.W.2d 520, 526; *see also State v. Ralios*, 2010 S.D. 43, ¶ 47 n.4, 783 N.W.2d 647, 660 n.4 (in evidentiary context, "whether to redact and to what extent was within the sound discretion of the trial court"). "An abuse of discretion is 'a fundamental error of judgment, a choice outside the reasonable range of permissible choices, a decision . . . [that], on full consideration, is arbitrary or unreasonable.'" *In re Estate of Jones*, 2022 S.D. 9, ¶ 14, 970 N.W.2d at 526 (alteration and omission in original) (quoting *Coester v. Waubay Twp.*, 2018 S.D. 24, ¶ 7, 909 N.W.2d 709, 711).

### *Applicable statutory law.*

[¶13.] Sanford's appeal is based on his extrapolation of SDCL 15-15A-13, under which a party to a case may make "[a] request to prohibit public access to information in a court record . . . ." He argues that "[a]s a party to this matter and the subject of the court records, [Sanford] has requested a copy of the affidavits so that he may analyze them prior to their unsealing and invoke his rights under SDCL 15-15A-13 for redaction purposes if necessary." He thus attempts to frame this latest appeal as involving an entirely novel issue unresolved by *Implicated Individual I.* This case is no longer about the rules that apply to sealing the affidavits, he urges, but about the rules for redacting them upon their unsealing. He argues that for SDCL 15-15A-13 to be meaningful, the party challenging public access to information must be given an opportunity to inspect the records in order to make informed constitutional, statutory, and other legal objections to the public release of information contained in the affidavits and to provide input on appropriate redactions of the information.

[¶14.] Sanford also references SDCL 15-15A-7 (prohibiting public access to information excluded by federal or state law) and SDCL 15-15A-8 (prohibiting public access to certain information, such as social security numbers, financial information, and names of child victims) in support of his claims. Sanford contends that SDCL 23A-35-4.1 pertains to a *general* right of public access to search warrant records, whereas SDCL 15-15A-13 pertains to a *specific* prohibition against public access in certain circumstances.

[¶15.] The Press responds that Sanford's statutory claims are based upon the same arguments that this Court rejected in *Implicated Individual I*. The Press asserts that Sanford has not provided any substantive privacy right that would supplant the plain language of SDCL 23A-35-4.1 or the First Amendment right of the press and public to access the information contained in the affidavits.

[¶16.] The State also argues that the circuit court properly determined that the affidavits should be unsealed under SDCL 23A-35-4.1. The State highlights that the compelling interest it held in preventing public disclosure of the affidavits and facts underlying the investigation, as recognized by SDCL 23A-35-4.1, no longer exists now that the State has concluded its investigation. The State argues that requiring the unsealing of an affidavit, after the investigation has been completed, is consistent with "[s]ocietal interests in having law enforcement and the judiciary operate in the public eye [that are] not overcome simply because no indictment is returned. Society has as much interest in understanding why no indictment was returned as it does in understanding why one was." The State also rejects Sanford's claims that he should be permitted a special right of access to the sealed affidavits now that the investigation has been completed and the State has announced that charges will not be filed in South Dakota.

[¶17.] Sanford's reliance on SDCL 15-15A-13 to support his claim that the circuit court was required to stay the unsealing of the affidavits pending resolution of the inspection/redaction issue lacks support in the text of the rule and is irreconcilable with our decision in *Implicated Individual I*. SDCL 15-15A-13 simply provides a procedure for a party seeking "to prohibit public access to information in

a court record" when "there are sufficient grounds to prohibit access according to applicable constitutional, statutory and common law." There is nothing in the language of SDCL 15-15A-13 that affords an affirmative or substantive privacy right to Sanford in the content of the affidavits. Nor does the rule forestall public access to the affidavits, as mandated by SDCL 23A-35-4.1, after the criminal investigation has been completed.[6]

[¶18.]     Sanford's effort to delay public access to the affidavits is also precluded by our decision in *Implicated Individual I*, where we stated that "[t]he plain language of [SDCL 23A-35-4.1] provides an unmistakable expression of legislative intent. A court may seal the contents of an affidavit in support of a search warrant upon a showing of reasonable cause, but only until the investigation is terminated or an indictment or information is filed." 2021 S.D. 61, ¶ 18, 966 N.W.2d at 583. Further, in rejecting Sanford's claim in *Implicated Individual I* that the provisions of SDCL chapter 15-15A supersede this statutory mandate, we stated:

> The Legislature has enacted SDCL 23A-35-4.1, and nothing in our current rules conflicts with the statute's provisions. To the contrary, our rules specifically contemplate the role of statutory authority in resolving questions concerning access to court records. We can no more overlook SDCL 23A-35-4.1 than we could ignore binding legal authority in this or any case that

---

6. The circuit court exhaustively reviewed the submissions of the parties in determining that the criminal investigation of Sanford had been completed, triggering the court's obligation to unseal the search warrant affidavits under SDCL 23A-35-4.1. The court noted Sanford appeared to agree that the State had completed its investigation and concluded no crimes had been committed in South Dakota. The court observed the possibility of other states proceeding with a criminal investigation or prosecution but noted that neither party had informed the court of other pending investigations. On appeal, Sanford does not challenge the determination by the circuit court that the investigation had been completed.

comes before us.

*Id.* ¶ 27, 966 N.W.2d at 586.

[¶19.]     Nonetheless, Sanford asks that we read SDCL 15-15A-13 to *require* the circuit court to allow inspection of the affidavits before they are unsealed to determine whether there may be confidential or sensitive information supporting redaction of some or all of the contents of the affidavits. There is nothing in SDCL 23A-35-4.1 or SDCL 15-15A-13 that mandates the circuit court to allow such an inspection. Moreover, we find no abuse of discretion in the court's decision to deny Sanford's request to inspect the affidavits and participate in the redaction of personal information before unsealing the affidavits.

[¶20.]     In denying the request to review the affidavits, the circuit court determined that during the two years of litigation leading up to its current decision, Sanford had been afforded all the procedural protections set forth in SDCL 15-15A-13, requiring the court to "hear any objections from other interested parties to the request to prohibit public access to information in the court record[]" and to "decide whether there are sufficient grounds to prohibit access according to applicable constitutional, statutory and common law." Throughout the course of this litigation, the circuit court had the ability to review the information in the sealed affidavits and consider Sanford's privacy objections, as well as the statutory mandates in SDCL 23A-35-4.1. It is evident that the circuit court viewed Sanford's most recent motion as a belated and unpersuasive effort to further delay the unsealing of the affidavits required by statute.

[¶21.] Prior to ordering the affidavits unsealed, however, the court provided a thorough, well-reasoned decision denying Sanford's request to inspect the affidavits and participate in the routine redaction of certain personally identifying information. In considering Sanford's request to participate in the redaction process before unsealing the affidavits, the court determined that it was appropriate for the court, rather than Sanford, to redact any "personally identifying information," such as "personal email addresses, home addresses, phone numbers, and birth dates." In doing so, the court aptly expressed concerns that allowing the parties to participate in the redaction process would further extend the litigation and unnecessarily delay the unsealing of the affidavits required by SDCL 23A-35-4.1. The court also identified the greater potential for premature leaks of the information if the affidavits were provided to the parties. Finally, the court noted that the affidavits contained personally identifying information of others whose participation may also be required if the court granted Sanford's request. The court concluded that "each of these problems can be avoided if the [c]ourt and its staff simply make these redactions which they routinely and frequently make without participation by the interested parties."

[¶22.] The only significant change between *Implicated Individual I* and now is a factual one—the State has terminated its investigation, triggering the unsealing of the affidavits in support of search warrants under SDCL 23A-35-4.1 and the circuit court's amended court orders. The circuit court properly applied the provisions of SDCL 15-15A-13 and SDCL 23A-35-4.1 in considering, and ultimately denying, Sanford's request to inspect and redact the affidavits before they are

unsealed.  Before ruling on the request, the court thoroughly considered the various statutory and constitutional grounds asserted by Sanford with respect to information that could conceivably be contained in the affidavits.  The court's approach to redaction fell soundly within its discretion, and the court appropriately exercised its discretion to "decide whether there [were] sufficient grounds to prohibit access . . . ." to contents of the affidavits under SDCL 15-15A-13.

[¶23.]     Affirmed.

[¶24.]     KERN, DEVANEY, and MYREN, Justices, and GILBERTSON, Retired Chief Justice, concur.

[¶25.]     GILBERTSON, Retired Chief Justice, sitting for SALTER, Justice, who recused himself and did not participate in this matter.