#31131-r-RG
**2026 S.D. 24**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

STATE OF SOUTH DAKOTA,                              Plaintiff,

    v.

SAMIR ALBAIDHANI,                                  Defendant and Appellee,

FRATERNAL ORDER OF POLICE
LODGE NO. 1 AND JOHN DOE
OFFICERS ONE AND TWO,                              Interested Persons and
                                                   Appellants.

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

THE HONORABLE SUSAN M. SABERS
Judge

JEFFREY R. BECK
Sioux Falls, South Dakota                          Attorney for appellants and
                                                   interested parties.


KYLIE BECK
EMILY HERBERT of
Minnehaha County Public
   Defender's Office
Sioux Falls, South Dakota                          Attorneys for defendant and
                                                   appellee Samir Albaidhani.



                                                   ARGUED
                                                   MARCH 18, 2026
                                                   OPINION FILED **04/22/26**

#31131

GUSINSKY, Justice

[¶1.] Two officers of the City of Sioux Falls Police Department (Officers One and Two) were involved in a foot-chase with Defendant Samir Albaidhani wherein Albaidhani shot and injured Officer One. Albaidhani was charged with two counts of attempted first-degree murder of a law enforcement officer, three counts of aggravated assault of a law enforcement officer, and several other offenses. The Minnehaha County State's Attorney included the Officers' unredacted names in the warrant, the affidavit in support of the warrant, and the complaint that was filed with and accepted by the Second Circuit Clerk of Courts. Officers asserted their rights as crime-victims under Article VI, § 29 of the South Dakota Constitution (Marsy's Law) and requested to have their names and initials redacted from public filings, thereafter filing a writ of mandamus asking the court to order such redactions. The Officers' mandamus action was denied, and they subsequently intervened in the underlying criminal action against Albaidhani. After a hearing before the circuit court, the Officers' request for redactions under Marsy's Law and SDCL 15-15A-13 was denied. Officers One and Two are represented under a collective bargaining unit—the Fraternal Order of Police Lodge No. 1—and they appeal the circuit court's order. We reverse and remand.

## Factual and Procedural History

[¶2.] As reported in the parties' submissions, Officers One and Two attempted to stop a stolen vehicle driven by Albaidhani on April 3, 2025. Albaidhani had absconded parole and was suspected of being armed. While attempting the stop, Albaidhani exited the car and fled on foot. Officers One and

-1-

Two followed in pursuit. Albaidhani is accused of shooting at Officers One and Two while they chased him, allegedly injuring one before fleeing. Albaidhani was eventually apprehended near Beresford after trading gunfire with other law enforcement officers who are not involved in this appeal. Albaidhani was arrested and taken to the hospital to be treated for injuries he sustained in the shootout.

[¶3.] Albaidhani was released from the hospital the next day after receiving appropriate medical care. The Minnehaha County State's Attorney's Office filed an affidavit in support of a warrant and a complaint with the Second Circuit Clerk of Courts. The first and last names of Officers One and Two were not redacted from the filings. Upon receipt, the clerk of courts accepted the filings. A warrant was then issued for Albaidhani's arrest, and he was taken into custody. Albaidhani was charged with several offenses, including attempted first-degree murder of a law enforcement officer and aggravated assault against a law enforcement officer. Officers One and Two invoked their rights under Marsy's Law and requested that the circuit court seal the current and future filings.

[¶4.] On April 4, 2025, without making a formal motion before the circuit court in the criminal matter, the Officers filed a writ of mandamus requesting redaction of their names from the public filings. The Officers requested that "their names, initials, or any information that could be use[d] to identify them be prohibited from publicly accessible records or from disclosure by the Defendant."[1]

---

1. The parties make reference to "identifying information" in the complaint and affidavit originally filed with the Second Circuit, but no other identifying information was included in these documents aside from the Officers' first and last names. Thus, as it relates to these filings, the only pieces of

(continued . . .)

On the same day, the circuit court "issued an informal order by email" directing the clerk to designate as confidential[2] all filings in the criminal matter while the mandamus action was pending. The Officers consented to providing Albaidhani with unredacted copies of the filings, however, so long as Albaidhani or his counsel did not disclose or discuss the Officers' names with the public.

[¶5.]        The mandamus proceeding was assigned to an out-of-circuit judge, and a hearing was held on the narrow issue of whether a writ of mandamus was an available remedy. The court determined mandamus relief was improper and unavailable in this case, finding that "SDCL § 15-15A-13 and Marsy's Law provide the [Officers] with a plain, speedy, and adequate remedy before the trial court, in the ordinary course of law." Without reaching the merits of the writ, the mandamus court directed Officers One and Two to seek a remedy within the underlying criminal action pursuant to Marsy's Law and SDCL 15-15A-13.[3]

_____

(. . . continued)
    "identifying information" at issue here are the first and last names of the Officers.

2.    "'Confidential' means any records not accessible to the public as provided by § 15-15A-7. A document marked as 'confidential' means that the document will not be accessible to the public but will be accessible to court personnel and attorneys or parties in the case as permitted by applicable law or court order." SDCL 16-21A-1(3). On the other hand, "'Sealed' means any record where access is restricted by order of the court. A document marked 'sealed' will not be accessible to the public but will be accessible to court personnel and attorneys or parties in the case as permitted by applicable law or court order." SDCL 16-21A-1(4)

3.    The mandamus ruling is not before us for review, but we note at the outset that the mandamus court's order instructed the Officers to seek a remedy under *both* Marsy's Law and SDCL 15-15A-13, which is our general court rule relating to requests to prohibit public access to information in court

(continued . . .)

[¶6.]    Officers One and Two then filed a motion with the circuit court in the criminal action, requesting the court to "protect from public consumption the names, initials, or any identifying information of the [Officers] . . . pursuant to their constitutional protections provided under Marsy's Law."  Specifically, the Officers requested that the circuit court order the Minnehaha County State's Attorney's Office to redact the Officers' names and any identifying information from all current and future public filings.  They further requested that the court order the Second Circuit Clerk of Courts to remove or redact this same information as well as reject any future filings where the Officers' identifying information is unredacted.

[¶7.]    The defense objected, arguing first that Marsy's Law does not apply to law enforcement officers, as officers choose to take on a "unique role . . . when becoming a law enforcement officer, [and] events occurring while in their official capacity *do not afford officers* the ability to be viewed as a victim hidden from the public eye."  The defense further argued that SDCL 15-15A-13 provides an available remedy for officers, and that placing a protective order upon Albaidhani and his

_____

(. . . continued)
records.  But Marsy's Law is a constitutional provision and is sufficient—without the additional procedural requirements of SDCL 15-15A-13—to allow victims to request redaction of their names.  *See generally State v. Waldner*, 2024 S.D. 67, ¶ 22, 14 N.W.3d 229, 237 ("[T]he plain language of Marsy's Law creates a constitutional right for a victim to seek enforcement of certain rights in any trial or appellate court, and it directs the 'court or other authority with jurisdiction [to] act promptly on such request, affording a remedy by due course of law for the violation of any right.'" (second alteration in original)); *see also In re Implicated Individual*, 2023 S.D. 16, ¶ 17, 989 N.W.2d 517, 523 ("SDCL 15-15A-13 simply provides a *procedure* for a party seeking 'to prohibit public access to information in a court record' when 'there are sufficient grounds to prohibit access according to applicable constitutional, statutory and common law.'" (emphasis added)).

counsel would violate Albaidhani's constitutional right "to a reasonable investigation, the right to confront an accuser, the right to public proceedings, and the right to present a complete defense." The circuit court ordered unredacted filings to remain under seal until the motion was fully determined but that Albaidhani still be provided with unredacted copies.

[¶8.] The circuit court held a hearing on the matter and ultimately denied the Officers' motion. In its written memorandum decision, the circuit court did not discuss whether a law enforcement officer could be considered a "victim" under Marsy's Law, deeming it "not necessary to reach that issue to resolve the present Motion to Seal." The court thereby "assume[d] without deciding" that the Officers qualified as victims. The court started its analysis by determining that subsection 5 of Marsy's Law "does not expressly provide a right to prevent the disclosure of any and all identifying information" or a right to "complete anonymity" because the plain language of the subsection does not mention "identifying information." In denying the Officers' motion, the circuit court noted:

> Although an individual's name is among the many facts that may be used to locate that individual, a name alone does not provide location details about the individual. Nothing in the plain language of Marsy's Law prevents the disclosure of a victim's name. And, if it did, courts would be forced to weigh that right against a defendant's right to confront adverse witnesses in a public trial—a balancing that this [c]ourt need not perform on the facts presented here.

[¶9.] The court then determined the narrow issue presented to it was whether the court had the power under South Dakota law to "force the parties to redact their filings"—deciding it did not. Officers One and Two appeal this order, raising two issues, which we restate as follows: (1) whether law enforcement officers

-5-

may qualify as "victims" under Marsy's Law; and (2) whether the circuit court erred when it determined Officers One and Two were not entitled to have their names redacted from public filings under Marsy's Law.

## Analysis and Decision

### 1. Whether law enforcement officers may qualify as "victims" under Marsy's Law.

[¶10.]  "[T]his Court reviews de novo issues of constitutional interpretation." *Dakota Constructors, Inc. v. Hanson Cnty. Bd. of Adjustment*, 2023 S.D. 38, ¶ 12, 994 N.W.2d 222, 227 (citing *Holborn v. Deuel Cnty. Bd. of Adjustment*, 2021 S.D. 6, ¶ 22, 955 N.W.2d 363, 374).  "When interpreting constitutional text, the goal is to discern the most likely public understanding of a particular provision at the time it was adopted." *Betty Jean Strom Tr. v. SCS Carbon Transp., LLC*, 2024 S.D. 48, ¶ 53, 11 N.W.3d 71, 90 (quoting *McDonald v. City of Chi.*, 561 U.S. 742, 828 (2010) (Thomas, J., concurring in part)).  In doing so, we begin with the plain text of the constitutional provision(s) and give the words "the meaning they have in common use unless there are very strong reasons to the contrary." *Doe v. Nelson*, 2004 S.D. 62, ¶ 9, 680 N.W.2d 302, 305 (citation omitted).  We "give regard to the whole instrument" and will not interpret the Constitution so as to render any provision meaningless. *S.D. Auto. Club, Inc. v. Volk*, 305 N.W.2d 693, 696 (S.D. 1981) (citing *Bd. of Regents v. Carter*, 89 S.D. 40, 228 N.W.2d 621 (1975)); *In re McKennan's Est.*, 126 N.W. 611, 617 (S.D. 1910) ("[I]t must be presumed that every word [of a constitutional provision] was advisedly selected, inserted for a purpose, and intended to have its due weight in determining what organic principles have been established." (citation omitted)).

[¶11.] In discussing whether Officers One and Two were entitled to protections under Marsy's Law, the circuit court "assume[d] without deciding" that the Officers qualified as victims, choosing to dispose of the matter on other grounds. But whether the Officers are entitled to Marsy's Law protections is a threshold question, thus requiring us to consider whether the Officers are entitled to "victim" status under Marsy's Law.

[¶12.] The constitutional amendment known as Marsy's Law was passed by ballot initiative in November 2016. The South Dakota Legislature later proposed amendments to Marsy's Law that were adopted by voters in 2018. Subsection 5 of Marsy's Law, the most relevant subsection in this case, provides that crime victims have:

> The right, upon request, to prevent the disclosure to the public, or the defendant or anyone acting on behalf of the defendant in the criminal case, of information or records that could be used to locate or harass the victim or the victim's family, or which could disclose confidential or privileged information about the victim[.]

S.D. Const. art. VI, § 29(5). "As used in this section, the term, victim, means a person against whom a crime or delinquent act is committed."[4] *Id.* § 29(19). Nothing in the plain language of Marsy's Law excludes a class, such as law enforcement officers, from the definition of "victim."

[¶13.] While this is a matter of first impression for us, the Ohio Supreme Court has recently considered whether police officers can be "victims" under Marsy's Law. *See State ex rel. GateHouse Media Ohio Holdings II, Inc. v. Columbus Police*

---

4. This definition is similar to the definition of "victim" found in SDCL 22-1-2(53), which states: "'Victim,' any natural person against whom the defendant in a criminal prosecution has committed or attempted to commit a crime[.]"

*Dep't*, No. 2023-1327, ___ N.E.3d ___, 2025 WL 3274795 (Ohio 2025). In *GateHouse*, similar to the facts alleged in this case, two officers were "targeted by a criminal offender during a shootout" after the offender led officers on a high-speed chase. *Id.* at *1. The Columbus Police Department redacted the officers' body camera footage of the shootout to "conceal the identities of the officers," and the Columbus Dispatch sought the unredacted footage, "including the portions where [the officers] are identified." *Id.* at *1–2. The Dispatch claimed the officers were not entitled to Marsy's Law protections because "police officers performing their public duties can never be victims under Marsy's Law." *Id.* at *1.

[¶14.] The Ohio Supreme Court disagreed. *Id.* In its review, the court pointed both to Ohio's Marsy's Law and its "Victim Privacy Law." *Id.* at *2–3. Its "Victim Privacy Law" provides crime victims with the right, on request, to have their "name, address, or other identifying information" redacted from all publicly released case documents. Ohio Rev. Code Ann. § 2930.07(D)(1)(a)(i) (West 2023). Ohio defines a victim as "a person against whom the criminal offense or delinquent act is committed or who is directly and proximately harmed by the commission of the offense or act." *GateHouse*, 2025 WL 3274795, at *2–3 (quoting Ohio Const., art. I, § 10a(D)). The court held that police officers squarely fall within the scope of Marsy's Law, and that "because police officers are persons against whom crimes can be committed, they can be victims under [Marsy's Law]." *Id.* at *4.

[¶15.] We note that neither the circuit court nor the litigants had the benefit of *GateHouse* when this matter was decided. But we find the Ohio Supreme Court's analysis of the "victim" issue persuasive. Upon a plain reading of South Dakota's

Marsy's Law, a victim is "a *person* against whom a crime or delinquent act is committed." S.D. Const. art. VI, § 29(19) (emphasis added). A law enforcement officer is a "person" under every reasonable interpretation of the word. *See Person*, Black's Law Dictionary (12th ed. 2024) (defining a "person" as "a human being"). Neither party disputes that Albaidhani is charged with committing a "crime or delinquent act" when he allegedly fired his weapon and injured Officer One. Indeed, Albaidhani is charged with attempted first-degree murder of a law enforcement officer and aggravated assault of a law enforcement officer—both "crimes" under South Dakota's penal code. *See* SDCL 22-4-3 (specifying the punishment for "attempted first degree murder" against a law enforcement officer); *see also* SDCL 22-18-1.05 (specifying the punishment for attempted aggravated assault of a law enforcement officer). Lastly, it is undisputed that these alleged acts were committed "against" Officers One and Two, as they were the targets of Albaidhani's alleged crimes.

[¶16.]       Albaidhani argues that despite the plain language of Marsy's Law, "the law is silent as to whether a law enforcement officer is considered a victim under Marsy's Law[.]" He further argued below that a defendant has a presumption of innocence, and that "[t]here is no victim of a defendant who is innocent of the offenses alleged against them." Both of these arguments are untenable for several reasons. First, Albaidhani's interpretation would require this Court to add language to the constitutional amendment exempting law enforcement officers, who are "persons," from the definition of "victim." This, of course we cannot do. *See In re Rhoden*, 2026 S.D. 7, ¶ 22, 32 N.W.3d 369, 376 ("[W]e cannot interpret the

Constitution to include language that is not there." (citation omitted)). Second, were we to adopt Albaidhani's position regarding the presumption of innocence, Marsy's Law would be rendered partially obsolete, as there would be no "victim" of a crime until after a defendant was convicted. As it was drafted and passed, the plain language of Marsy's Law protects "a person," and law enforcement officers undoubtably fit that definition. Officers One and Two, having been persons against whom a crime has allegedly been committed, qualify as victims under Marsy's Law and are entitled to request its protections.

> **2.    *Whether the circuit court erred when it determined Officers One and Two were not entitled to have their names redacted from public filings under Marsy's Law.***

[¶17.]    Having concluded that law enforcement officers qualify as "victims" under Marsy's Law, we must now discuss whether Officers were entitled to its protections in this case. As above, we review de novo issues of constitutional interpretation. *Dakota Constructors*, 2023 S.D. 38, ¶ 12, 994 N.W.2d at 227.

[¶18.]    As an initial matter, we must note that the circuit court concluded it did not have the power under South Dakota law to "force the parties to redact their filings" in accordance with Marsy's Law. We disagree. The circuit court has the authority to issue an order for a party to file records in accordance with Marsy's Law. After all, Marsy's Law prohibits disclosure of certain information to the public. Courts of competent jurisdiction are vested with the power to enforce the rights enumerated in Marsy's Law. That power necessarily includes the authority to compel parties to redact information from public filings. *See also* SDCL 16-21A-5(1) ("A *party* electronically filing a document that is not accessible to the public in

whole or in part is responsible for redaction or designating the document as confidential or sealed before transmitting it to the court." (emphasis added)).

[¶19.]     Officers One and Two advance the theory that their names and initials could be used to locate or harass them, and that this information is thereby protected by Marsy's Law.  Albaidhani contends that such is not the case, and that the Officers "are requesting the absolute right to privacy that the Court has held crime victims do not have."  Albaidhani makes specific reference to the Officers' "complete anonymity" that would seemingly implicate the defendant's constitutional right to a public trial or to confront adverse witnesses.  But nothing in Marsy's Law requires the circuit court to redact information in documents provided to the defendant, and that is not what the Officers are requesting here.  The Officers are requesting that their identifying information—their names and initials—be redacted from *public* filings, not the filings provided to Albaidhani.  We must first consider whether the Officers' names or initials qualify as "information or records that could be used to locate or harass the victim or the victim's family" under Marsy's Law.

[¶20.]     This, too, is a matter of first impression in South Dakota.  Few courts have grappled with this specific question, but both parties cite *City of Tallahassee v. Florida Police Benevolent Assoc., Inc.*, 375 So. 3d 178 (Fla. 2023).  In *City of Tallahassee*, two officers used lethal force while detaining a suspect after the suspect charged at them with a knife.  *Id.* at 182.  When the city proposed releasing the officers' names to the public, the Florida Police Benevolent Association invoked the officers' constitutional protections under Marsy's Law and sought an emergency

injunction to prevent the release. *Id.* at 181. The officers "asserted that they qualified for Marsy's Law protections because they were victims of the assaults from which they had defended themselves." *Id.* at 182. The trial court refused to issue the injunction, but its order was reversed on appeal by the intermediate appellate court. *Id.* The city petitioned the Florida Supreme Court. *Id.* at 183.

[¶21.] On appeal, the Florida Supreme Court first addressed "whether a victim's name qualifies as 'information or records that could be used to locate or harass the victim or the victim's family.'" *Id.* (quoting Fla. Const. art. 1, § 16(b)(5)). The court concluded "Marsy's Law guarantees to no victim—police officer or otherwise—the *categorical right* to withhold his or her name from disclosure." *Id.* at 183 (emphasis added). It reasoned that "[o]ne's name, standing alone" is not the "kind of information or record" that could be used to locate or harass the victim or their families. *Id.* at 184. "[I]t communicates nothing about where the individual can be found and bothered." *Id.*

[¶22.] The Florida Supreme Court found the distinctions between "locating" and "identifying" individuals to be significant, ultimately concluding that "[p]rotecting crime victims from being located—as opposed to identified—is a meaningful distinction, for exposure of a crime victim's location creates a threat of physical danger that exposure of his or her name alone does not generally pose." *Id.* at 185. The *Tallahassee* court focused almost exclusively on the "locate" component of Marsy's Law and conducted little to no discussion of the "harass" component. *See id.* at 184 n.5 ("The City and the Coalition focus primarily on the connection

between identifying and locating a victim, perhaps upon the assumption that locating an individual is a predicate to his or her harassment.").

[¶23.]	Here, in relying on *Tallahassee*, the circuit court similarly did not discuss the possible use of a victim's name or initials to harass the victim.  This omission neglects a significant portion of Marsy's Law.  The plain language of Marsy's Law protects "information or records that *could* be used to locate *or harass* the victim or the victim's family."  S.D. Const. art. VI, § 29(5) (emphasis added).  "Locate" and "harass" are used in the disjunctive, each equally important to the court's determination.  *See In re Est. of Flaws*, 2016 S.D. 61, ¶ 29, 885 N.W.2d 580, 588 (quoting Sutherland's treatise on statutory construction for the proposition that "[t]he use of the disjunctive usually indicates alternatives and requires that those alternatives be treated separately").  To "harass" someone is "to disturb or bother persistently" or "to intimidate or coerce, as with persistent demands or threats."  *Harass*, Dictionary.com, https://www.dictionary.com/browse/harass (last visited Apr. 13, 2026).

[¶24.]	An individual need not have the victim's physical location to disturb or bother them persistently.  In the digital information age, a victim's name could be the first and most important piece of information used to locate or harass them.  In fact, the circuit court's order admits as much: "Although *an individual's name is among the many facts that may be used to locate that individual*, a name alone does not provide location details about the individual."  (Emphasis added.)  In reaching its ultimate conclusion, the circuit court placed significant weight on whether a

piece of information or a record, in isolation, would be sufficient to locate or harass an individual. But that is not what Marsy's Law requires.

[¶25.] The language of Marsy's Law is much more expansive, encompassing information that "*could* be used to locate or harass" the victim. S.D. Const. art. VI, § 29(5) (emphasis added). "Could" in this context refers to the notion of possibility. Unless a scenario presents itself in which a victim's name *could not* be used in locating or harassing the victim or the victim's family, the plain language of Marsy's Law includes the names of crime-victims. We decline to engage in such a restrictive reading of the provision as the *Tallahassee* court did. A victim's name or initials[5] qualify as information that "*could* be used to locate or harass the victim or the victim's family," and victims are entitled to request that this information be redacted under Marsy's Law.

[¶26.] In looking at South Dakota's version of Marsy's Law, however, we agree with the *Tallahassee* court and the circuit court that the plain language does not grant an individual a "categorical right" to have their name or initials redacted. Marsy's Law is a constitutional provision, and it gives victims the broad right to request redaction of information that may be used to locate or harass them. Victims therefore have the right to *request* that their name or initials be redacted from court records. But when considering whether a requestor is entitled to Marsy's Law protections, the circuit court must balance the rights of the requestor against other constitutionally protected rights, including the rights of the defendant and the

---

5.    Officers One and Two argue that their initials could be used to obtain their names by searching publicly accessible databases.

rights of the public. *See State v. Waldner*, 2024 S.D. 67, ¶ 47, 14 N.W.3d 229, 244–45 (balancing the constitutional rights of the requestor against the constitutional rights of the defendant). This inquiry will vary case-by-case, and the facts and circumstances of each individual case will define the interests to be balanced by the court.

[¶27.]      Here, the circuit court acknowledged that if Marsy's Law allowed the court to prevent disclosure of a victim's name, courts would be forced to conduct a balancing test where they weigh the victim's rights against the defendant's and the public's rights. Because we hold Marsy's Law allows the court to prevent disclosure of a victim's name and initials, the circuit court erred in declining to conduct such a balancing test. Whether a victim's name, initials, or other information should be redacted will depend on the unique circumstances of each case and the asserted interests that should be balanced by the court.[6] Accordingly, we reverse and remand for further proceedings consistent with this opinion.

[¶28.]      JENSEN, Chief Justice, and SALTER, DEVANEY, and MYREN, Justices, concur.

---

6.    The State did not appear in this appeal to assert any interests as the prosecuting authority. Nor was there any issue before the court concerning a potential public right to access.